Syllabus.

# The Hannibal and St. Joseph Railroad Company

## *v.*

## Elizabeth Martin.

*Filed at Springfield September 27, 1884.*

1. Negligence—*in making up a railway train, after receiving a passenger.* If a railway company receives a passenger in one of its cars for passage before making up the train of which such car is to be a part, the law requires the company to make up its train, couple, manage and control its cars and engines, in such a careful, skillful and prudent manner as to carry the passenger with reasonable safety, and it will be liable for an injury to the passenger resulting from its neglect of this duty, when such passenger is not wanting in ordinary care.

2. Same—*contributory negligence—entering a car before the train is made up, on invitation of company's employe.* The fact that an employe of a railway company invites one desiring transportation on its cars, to come aboard the train before it is made up, will not excuse the passenger from the charge of negligence in rushing into danger plainly seen; but even then, if no injury follows the act of entering the cars on the invitation, such conduct on the part of the passenger will not defeat his remedy against the company for subsequent acts of negligence resulting in his injury, when he is not also guilty of negligence conducing to the same.

3. Same—*contributory negligence—in passing from one car to another, on suggestion by the conductor.* Where a passenger in a railway coach which was overcrowded, was informed, by the announcement of the conductor in charge, that another car had been added in front, and the adding of the car had been felt when it was pushed back, and it was found in proper position for the reception of passengers, though in fact not securely coupled, so that just as such passenger was in the act of stepping from the platform of the rear coach to the forward one, the latter moved forward suddenly, causing him to fall to the ground, whereby he received a serious injury, it was *held*, that the passenger had the right to assume he could pass from the one car to the other with safety, and in so attempting was not chargeable with want of ordinary care.

4. Same—*of the ownership of the railway and of the cars running thereon being in different companies—as affecting the question of liability.* A passenger who purchases a ticket for conveyance over a defendant company's railroad, and is received by the defendant in a car run and operated by it for the purpose of carrying passengers, and who, while so on such car, is injured through the carelessness and negligence of the defendant, without

fault or negligence on his part, is entitled to recover damages from the defendant for such injury, whether the defendant owned the car and engine or not.

5. Where the trains of a railway corporation are made up by the employes of another railroad company, and on the track of the latter, and cars used to make up the same belong to other companies, if the use of the cars and tracks and labor in making up such trains is to enable such first named corporation to exercise its function and perform its duties as a common carrier, such cars, tracks and servants, so far as the rights of its passengers who may receive an injury are concerned, must be regarded as the cars, tracks and servants of the company so using the same.

6. Same—*right of recovery on either one of two grounds.* In an action by a passenger against a railroad company to recover for a personal injury, two counts of the declaration charged a liability for a failure to make up the train and sufficiently to couple its cars, while the other two charged the negligence to be the moving the engine and cars attached thereto without sufficiently and securely coupling the cars: *Held,* that proof of either ground was sufficient to authorize a recovery, and that an instruction embracing this principle was not erroneous.

7. Measure of damages—*injury from negligence—mental and bodily suffering.* Where suffering in body and mind is the result of injuries caused by negligence, it is proper to take it into consideration in estimating the amount of damages.

8. Instructions—*in action for personal injury from negligence—as containing improper element of damage, and assuming right of recovery.* In an action by a passenger against a railway company to recover damages for a personal injury caused by the negligence of the defendant's servants, the court instructed the jury that in determining the amount of damages the plaintiff was entitled to recover, if any, they had the right and should take into consideration all the facts and circumstances in evidence, the nature and extent of the plaintiff's physical injuries, if any, testified about by the witnesses, his suffering in body or mind, if any, resulting from such injuries, and also such prospective suffering and loss of health, if any, as they might believe, from all the evidence before them, he has sustained or will sustain. It was objected that it made mental suffering an element of damage, and practically assumed the plaintiff was entitled to damages, etc.: *Held,* that the objections were not well founded.

9. Same—*as to excluding consideration of damages caused by want of care.* While it may be true that a plaintiff receiving a personal injury may not enhance his claim for damages or recover for any aggravation of his injuries produced by his own want of care or neglect, it is not necessary that the plaintiff's instructions should exclude the idea that he may. The defendant may have an instruction based on that hypothesis.

10. Same—*as ignoring an important fact.* An instruction stating correctly what acts of negligence on the part of the defendant make out a case

for a recovery, which in the same connection adds that if the injury received was without any fault or negligence on the part of the plaintiff, the defendant is liable, is not faulty, as ignoring the question as to the plaintiff's want of ordinary care and prudence.

11. SAME—*in respect to two hypotheses.* Where a case presents two hypotheses, an instruction based upon one, only, which states the law correctly as to that, is not erroneous in not stating the law upon the other, when it does not assume to do so, especially when the other party procures other instructions expressing the law upon that hypothesis.

12. SAME—*generality—in respect to several counts.* Where there is evidence tending to prove each of several counts in a declaration, all seeking a recovery for a single injury, but on different grounds, it is sufficient, if the instructions are general, if the principles announced are applicable to the declaration generally. The other party may, by instruction, call the attention of the jury to the allegations of the several counts, if desired.

13. SAME—*whether based on evidence.* Where there is evidence tending to prove a material fact in issue, an instruction based upon the belief of such fact from the evidence, is not erroneous as assuming such fact.

14. ALLEGATIONS AND PROOFS—*as to the date of an occurrence.* In a suit to recover for a personal injury alleged to have been received through negligence, on a day named, the instructions need not be limited to what happened on that day, when only one injury is claimed. The exact date in such case is never important, except to save a misunderstanding as to the transaction actually involved.

15. APPEAL—*reviewing disputed questions of fact.* In actions to recover for a personal injury on the ground of negligence, controverted questions of fact found by the trial and Appellate courts in the same way, can not be reviewed by this court; nor where there is evidence tending to prove an allegation, can this court inquire into its weight.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

Messrs. MARSH & McFADON, for the appellant:

The second instruction, near its close, presupposes that plaintiff "was precipitated and thrown to the ground," while she fell by her own weight, which is essentially different. (*Garrison* v. *Chicago*, 97 Ill. 68.) There was nothing in the evidence on which to base the instruction, and it should not have been given. *Railroad Co.* v. *Benton*, 69 Ill. 174.

This instruction also entirely ignores the question whether an ordinarily prudent person would have attempted to pass from one car to another, on the request of a servant of appellant, under the circumstances.  *Railroad Co.* v. *Sykes,* 96 Ill. 171;  *Railway Co.* v. *Krouse,* 30 Ohio St. 231;  *Railroad Co.* v. *Randolph,* 53 Ill. 512;  *Price* v. *Railway Co.* 72 Mo. 418;  *Dots* v. *Railway Co.* 59 id. 37.

It is also bad in telling the jury that a recovery might be had for an injury by either one of the negligent acts charged. The charge of negligence being in the conjunctive, the plaintiff was bound by the description of 'her tort as laid in the conjunctive.  *Butterson* v. *Railway Co.* 49 Mich. 187;  *Railroad Co.* v. *Marcott,* 41 id. 435;  *Bloomington* v. *Goodrich,* 88 Ill. 558;  1 Chitty's Pleading, (7th Am. ed.) 427.

On such an allegation of negligence it was error to tell the jury that plaintiff could recover if negligence in either the moving of the engine or coupling cars was proven.  *Price* v. *Railway Co.* 72 Mo. 416.

The second instruction, in so far as it relates to the damages, is bad, because it fails to exclude from the jury the idea that appellee could recover for any aggravation of her injuries by her own neglect in treatment.  *Railway Co.* v. *Rector,* 104 Ill. 305;  *Railway Co.* v. *Eddy,* 72 id. 140;  Hutchinson on Carriers, sec. 809.

The fourth instruction for appellee was erroneous, in directing the jury that mental suffering was a proper element of damages.  *Joch* v. *Dankwardt,* 85 Ill. 332;  *Railroad Co.* v. *Sutton,* 53 id. 399;  2 Greenleaf on Evidence, sec. 267.

Messrs. Ewing & Hamilton, for the appellee:

The plaintiff's first and second instructions do not assume that defendant's train was already made up.    It is not necessary that a train be made up before one can become a passenger.  *Railroad Co.* v. *Perry,* 58 Ga. 461;  *Railroad Co.* v. *Martin,* 11 Bradw. 389.

When an instruction is given, this court will presume, unless the Appellate Court certifies otherwise, that there was evidence on which to base it. *Railway Co.* v. *Henks,* 91 Ill. 409.

The circuit court did not err in giving appellee's second instruction to the jury. *Railroad Co.* v. *Martin,* 11 Bradw. 388.

Appellee entered the train after it was in position for the reception of passengers, and had been announced as ready by the conductor. It was not negligence for appellee to pass from one car to another, under the direction of an employe on the train, while the train was standing still. *Railroad Co.* v. *Sykes,* 96 Ill. 172.

Appellee was only bound to exercise ordinary diligence in endeavoring to be cured. She was not required to employ the most skilled surgeon, and is not responsible for her surgeon's mistakes, if she used ordinary care and diligence in securing medical attendance. Appellee's third instruction was properly given. *Railroad Co.* v. *Martin,* 11 Bradw. 388; *Railway Co.* v. *Peyton,* 106 Ill. 534.

Appellee's fourth instruction was properly given to the jury. *Railroad Co.* v. *Perry,* 58 Ga. 461.

Appellee's fifth instruction correctly states the law. It limits the mental suffering for which appellee can recover, to such as resulted from the physical injuries complained of. *Railroad Co.* v. *Stables,* 62 Ill. 320.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

Appellee and her husband having procured tickets entitling them to be carried from Quincy, in this State, to Kansas City, in Missouri, took seats in the waiting room at the Quincy depot some minutes before the time fixed for the departure of appellant's train. She introduced evidence, upon the trial, to the effect that after they had been seated thus for a brief time, the conductor of appellant's train entered the waiting

room and publicly announced that appellant's train for Kansas City was ready for departure; that thereupon appellee and her husband, and a number of other persons, arose and proceeded to the train, which was standing alongside the platform used by appellant, and entered the hindmost car in the train; that this car being full, they passed through it, and entered the next car forward, and that car also being full, they then passed through it and into the next forward car, which was also full; that there some man arose and gave appellee a seat, which she accepted, her husband meanwhile being compelled to remain standing; that about the time appellee took the seat thus given her, an employe of appellant entered the car and requested the passengers to be patient for a moment, promising that they would add another car to the train; that soon after this announcement there was the jar forward of one car striking against another, and a moment later an employe of appellant entered the car in which appellee was sitting, through its forward door, and notified the passengers that the car in front was ready; that thereupon some ten or twelve persons passed on and into the car in front, and appellee attempted to also do so, but just as she caught the rail of the forward car, and was in the act of stepping upon the platform of that car, it moved forward, leaving the car from which she was trying to pass, stationary, and by reason thereof she fell or was precipitated to the ground. She was soon after taken up badly injured, and in an insensible condition, and placed in the car in which she had been seated. She remained in the car, and in a brief time became conscious, and continued her journey notwithstanding her injuries. Appellant owns no track or depot in Quincy. Its cars cross the river and enter the depot of the Chicago, Burlington and Quincy Railroad Company on the tracks of that company, and its trains are made up in Quincy by employes of the Chicago, Burlington and Quincy Railroad Company.

The instructions given to the jury upon the trial, at the instance of appellee, are as follows :

"1.   The court instructs the jury, that if they believe, from all the evidence in this case, that on or about the 16th day of February, 1880, the defendant was controlling and operating a train of cars on a railroad in this county, and that the defendant received the plaintiff on its cars as a passenger, for hire, then the court instructs the jury that the defendant was bound to make up its train, couple its cars, and manage and control its cars and engines in such a careful, skillful and prudent manner as to carry the plaintiff with reasonable safety as such passenger.

"2.   If the jury believe, from all the evidence in this case, that the plaintiff, on or about the 16th day of February, A. D. 1880, had purchased a ticket over the defendant's road from the city of Quincy, Illinois, to Kansas City, Missouri, and on or about that day became a passenger on the defendant's train of cars, to be carried from said Quincy to said Kansas City, then the law imposed upon the defendant the duty of using all necessary and reasonable skill, care and caution in making up and running said train, necessary for the reasonably safe conveyance of the plaintiff as such passenger.  And if the jury further believe, from the evidence, that while the plaintiff was so a passenger on defendant's train of cars, she was requested by an employe or servant of the defendant to pass from the car in which she was, to the car immediately in front thereof, and that while she was in the act of passing from one car to the other in obedience to such request, by the carelessness and negligence of the defendant in making up its said train, and failing to sufficiently couple its said cars, or by the carelessness and negligence of the defendant in moving its engine and the cars attached thereto without sufficiently and securely coupling its cars, and without any fault or negligence on the part of the plaintiff, the engine and a part of

15—111 Ill.

the train of the defendant was started forward, and the car from which the plaintiff was passing was detached and separated from the car into which she was going, and the plaintiff was thereby, without any negligence or fault of her own, precipitated and thrown between said cars to the ground, and thereby injured, then the jury should find the defendant guilty, and assess the plaintiff's damages at such sum, not exceeding $10,000, as they may believe, from all the evidence, she has sustained.

"3.    Although the jury may believe, from the evidence, that the defendant's train of cars, testified about by the witnesses in this case, was made up by the servants and employes of the Chicago, Burlington and Quincy Railroad Company, and that such servants and employes had the control and management of said cars until said train was made up and ready to start on its run over the defendant's road,—still, if the jury further believe, from the evidence, that said servants and employes of the Chicago, Burlington and Quincy Railroad Company so made up and had control of said train and cars with the consent of the defendant, and under an agreement between the defendant and said Chicago, Burlington and Quincy Railroad Company, then the court instructs the jury, that for the said purpose of making up and managing said train and cars until said train was ready to start on its regular run, the said servants and employes of the Chicago, Burlington and Quincy Railroad Company so engaged were the servants and employes of the defendant.

"4.    The court instructs the jury, that in this case it is immaterial whether the defendant actually owned the cars or the engine forming the train on which plaintiff was a passenger at the time of the supposed injury testified about, or not; but if the jury believe, from all the evidence in this case, that the plaintiff had purchased a ticket for her conveyance as a passenger over the railroad of the defendant, and had been received by the defendant in a car run and operated by said

defendant, for the purpose of carrying her as a passenger, and that while so a passenger on a car run and operated by the defendant, by the carelessness and negligence of the defendant, and without any fault or negligence on her part, the plaintiff was injured in manner and form as alleged in the declaration in this case or some count thereof, then the jury should find the defendant guilty, and assess the plaintiff's damages at such amount as, from all the facts and circumstances in evidence, they believe she has sustained, not exceeding $10,000.

"5. In determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should, take into consideration all the facts and circumstances in evidence before them, the nature and extent of the plaintiff's physical injuries, if any, testified about by the witnesses in this case, her suffering in body and mind, if any, resulting from such injuries, and also such prospective suffering and loss of health, if any, as the jury may believe, from all the evidence before them in this case, she has sustained or will sustain by reason of such injuries."

Numerous objections are urged against these instructions, and such as we deem important will be noticed in the order in which they are urged in appellant's argument.

It is contended the first instruction, and the first part of the second instruction, are bad, because in each a disputed fact in the case is assumed, namely, that at the time plaintiff was injured the train on which she was injured was already made up. We can not concur in this view. The question whether appellee was received by appellant as a passenger on its train, is left to the jury for their determination, as a question of fact, from the evidence. If they shall find that she was thus received, they are told what then was the duty of appellant in regard to making up its train. All that is assumed is, that a passenger may be received by the carrier

on its train before the train is completely made up, and of the correctness of this there can be no question. A carrier is under no obligation to do so, but it may if it will; and when it does so, the duties declared in the instructions legally follow. Instances are quite common where, as appellee claims was the fact here, after a train is supposed to be fully made up and passengers are received upon it, the number of passengers is discovered to be too great for the number of cars in the train, and it becomes necessary to add other cars; and in such cases, and in all cases where, by the consent of those in charge of the train, passengers are admitted to seats in the cars with a view to transportation, before the train is made up, the railroad company owes to the passengers the duty in making up its train here pointed out.

Again, it is contended that both these instructions are bad, because not limited to what happened on the 16th day of February, 1880. We can not conceive how this can be important, since it is not claimed on any side that appellee was injured oftener than once, or had more than one cause of action on the ground of negligence, against appellant. The exact date in such cases can never be important save to prevent a misunderstanding as to the transaction actually involved in the suit. Appellant claims but one transaction, and that is detailed, as seen, by witnesses on each side. Whether its actual date was the 16th of February, or on any other day in that year, is not perceived to be of any importance.

Appellant also contends that the second instruction is obnoxious to these further objections: First, it presupposes, near its close, that appellee was precipitated and thrown to the ground, which, it is insisted, is not sustained by the evidence; second, it ignores the question whether an ordinarily prudent person would have passed from one car to the other, in obedience to the request of the servant of appellant mentioned in the instruction, at the time when and under the

circumstances under which appellee attempted to do so; third, it ignores the question whether an ordinarily prudent person would, under the facts of the case, have gotten upon the train at all, and would have been where appellee was at the time of receiving her injury; fourth, it tells the jury that if appellee was injured, either by the carelessness and negligence of appellant in making up its trains and failing to sufficiently couple its cars, or by the carelessness and negligence of appellant in moving its engine and the cars attached thereto, appellee ought to recover, whereas these things are charged in the declaration, conjunctively; fifth, there was no evidence that the engine and part of the train of appellant were started forward by reason of the carelessness of appellant in coupling its cars. We deem each of these objections untenable.

*First*—Whether the evidence sustains the allegation that appellee was precipitated and thrown to the ground, was for the Appellate Court to determine. There was evidence tending to prove the allegation, and we can not inquire into the weight of it. Indeed, if the testimony given by appellee and her husband is believed, the proof was ample. They say, when she was in the act of passing from one car to the other she reached forward and caught the railing of the forward car, and before she could step on to its platform it moved away from the car on the platform of which she was standing, and thus necessarily pulled her out of balance, and thereby precipitated her to the ground.

*Second*—The instruction expressly provides that it shall appear that appellee acted "without any fault or negligence" on her part. If an ordinarily prudent person would not have passed from one car to the other, in obedience to the request of the servant, under the circumstances, it is impossible that appellee could have done so without any fault or negligence on her part. The principle contended for under this objection is practically and sufficiently expressed in the instruction.

*Third*—This objection is but a repetition, in a little different form, of the second objection, and the answer to that is likewise an answer to this. Ordinarily, where an employe upon a train makes public announcement of any matter affecting the safety or convenience of the passengers in being carried upon the train,—as, for instance, where a car is overcrowded, that another coach has been added and is in readiness for their reception or the reception of such as choose to enter it,—and no one connected with the train contradicts such announcement, passengers are authorized to assume and act upon its truth. And so here, as claimed by appellee, if they were notified, first, that a car would be added, and after hearing the noise and feeling the motion caused by one car bumping against another, they were informed that such car had been added, they were justified in assuming that to be a fact. Undoubtedly, if, when the car door was opened, they had perceived no car was there, or if near, that it was too far from the car on which they were, to be reached by a step, they must have acted upon the knowledge of what they thus saw, and not then upon the false declaration of the employe; but seeing the car in proper place on the train, they would have the right to assume that it was there for the purpose declared by the employe, and that it was safe to attempt to pass into it. They could not be expected to know that it was not properly coupled.

*Fourth*—Under the first and fourth counts the liability charged upon appellant, is because of its failing to make up its train, and to sufficiently couple its cars, and the liability charged in the second and third counts is because of appellant's moving its engine and cars attached thereto without sufficiently and securely coupling its cars,—hence, if, as the instruction told the jury, appellee was injured either by the carelessness and negligence of appellant in making up its trains and failing to sufficiently couple its cars, she was entitled to recover, and this under the first and fourth counts;

or, if she was injured by the carelessness and negligence of appellant in moving its engine and the cars attached thereto without sufficiently and securely coupling its cars, she was also entitled to recover, and this under the second and third counts. The alternative indicates simply the distinct grounds of action relied upon in the different sets of counts. Proof of either was sufficient.

*Fifth*—The instruction does not submit the question to the jury whether the engine and part of train on which appellee was, were started forward by reason of the carelessness of appellant in coupling its cars. The question submitted is, whether appellant, while appellee, in obedience to the request of an employe of appellant, and without any fault or negligence on her part, was passing from one car to another, by carelessness and negligence in moving its engine with the cars attached thereto when they were not sufficiently and securely coupled, precipitated and threw her to the ground. This is not the precise phraseology, but it is the clear meaning of that used, and the evidence tends to prove that appellee was thus injured. It needs no demonstration that if appellant invited passengers into a coach,—or what, in effect, is the same thing, notified them it was ready for the reception of passengers,—and they thereupon proceeded to enter the coach, but before they had time to do so the engine was started forward, and the cars parted because they were not properly coupled, and one was injured thereby, appellant was guilty of such negligence as renders it responsible for the injury thus done.

The instruction is not entirely free from objection, but we are of opinion that it could not have misled the jury, and that appellant was not materially prejudiced by it.

. The third instruction is objected to because it does not state the law upon the hypothesis that the evidence shows that appellee left the waiting-room and got upon the train before it had been placed in position to receive passengers, etc. It is enough to say the third instruction does not assume to

express what is the law upon that hypothesis. It correctly expresses the law upon the hypothesis it assumes, and the court, at the instance of appellant, in other instructions expressed the law upon that hypothesis.

Objection is urged against the fifth instruction, on the grounds that it informs the jury that mental suffering was a proper element of damages; that it practically assumes that appellee is entitled to recover damages, and that it tells the jury they should take into consideration the various elements of damages therein mentioned, etc. The objection, in our opinion, is not well taken on either ground. Where suffering in body and mind is the result of injuries caused by negligence, it is proper to take them into consideration in estimating the amount of damages. (*Indianapolis and St. Louis R. R. Co.* v. *Stables*, 62 Ill. 320.) The instruction does not assume that appellee is entitled to recover damages, but leaves that question to be determined by the jury, and the elements pointed out are those proper for the consideration of the jury. The discretion of the jury in exercising an intelligent judgment is not, as counsel seem to suppose, interfered with.

Four objections are urged against the fourth instruction: First, because it assumes that appellee was a passenger upon a train of appellant at the time she received her injuries; second, because there was no evidence that at the time appellee received her injuries, the car she was in, was run and operated by appellant; third, because it does not exclude from the jury the idea that appellee could not recover for any aggravation of her injuries, or any injuries produced by her own neglect in procuring proper treatment; and fourth, the court should not have submitted the question of appellee's right to recover, under the third and fourth counts of the declaration, to the jury; as is done by this instruction, because there is no evidence that the accident happened in the manner therein stated. These objections are all susceptible of satisfactory answers.

*First*— The instruction is not directed to the question whether appellee was a passenger on the train of appellant at the time she received her injuries, but to the question of the ownership of the cars and engine composing the train on which she was at that time, and correctly lays down the law that it is sufficient if appellee had purchased a ticket for her conveyance as a passenger over the railroad of appellant, and had been received by appellant in a car run and operated by it, for the purpose of carrying her as a passenger, etc. The question whether appellee was a passenger is fully and fairly presented by instructions given at the instance of appellee, and there is nothing in this repugnant to those. It is here fairly left to the jury to determine, from the evidence, whether the contemplated hypothesis upon which appellant is to be held liable, exists.

*Second*—The evidence shows that the train was made up by employes of the Chicago, Burlington and Quincy Railroad Company, and on its tracks, but for the appellant, and although a portion of the cars in the train came from the Chicago, Burlington and Quincy company, and the balance came from the Wabash, St. Louis and Pacific Railway Company, when united they constituted appellant's train; and the use of the cars and tracks, and the labor in making up the train, were all to enable appellant to exercise its functions and perform its duties as a common carrier, and therefore the cars and tracks, and the servants employed in making up the train, so far as the rights of appellee are concerned, are to be regarded as the cars, tracks and servants of appellant. *Wabash, St. Louis and Pacific Ry. Co.* v. *Peyton*, 106 Ill. 534.

*Third*—It was unnecessary that this instruction should exclude from the jury the idea that appellee could not recover for any aggravation of her injuries, etc., produced by her own neglect. That idea is not included in the instruction, and there is nothing in it repugnant to the principle contended for by appellant. Under appellee's theory of the case, her

injuries were not thus augmented. If appellant desired an instruction upon the hypothesis that the evidence showed appellee's injuries were aggravated by her own neglect, it was entitled to, as it did, have the court, at its instance, to specially instruct the jury to that effect. *Peoria and Pekin Union Ry. Co.* v. *Clayberg,* 107 Ill. 644.

*Fourth*—In our opinion, there was evidence tending to prove each count of the declaration. With its weight this court has nothing to do. Apart from this, however, the instruction is general, and if its principles are applicable to the declaration generally, it is sufficient. It was the privilege of appellant to call the attention of the jury to the different allegations of the several counts, if it chose to do so, but it is sufficient if the law, as laid down at the instance of appellee, is correct and applicable to the case under either count.

Appellant contends that the court erred in modifying its tenth instruction as asked. As asked, it reads thus :

"Even if the jury believe, from the evidence, that the plaintiff in this case was injured on a passenger train of the Hannibal and St. Joseph Railroad Company, on the 16th day of February, 1880, yet if the jury further believe, from the evidence, that the said company, at said time, had a platform in the depot of the Chicago, Burlington and Quincy Railroad Company, designated by it for the reception of its passengers, and that said plaintiff was injured while said train was being made up and before said train had been placed in position for the reception of its passengers at said platform, the court instructs the jury that the relation of carrier and passenger did not subsist, at the time of the occurrence of said injury, between the plaintiff and the defendant, and the verdict of the jury should be for the defendant."

The court modified it by adding :   "Unless the jury further believe, from the evidence, that some agent or servant of the defendant had notified plaintiff that said train was ready for

the reception of passengers, and that in pursuance of such notice said plaintiff had got on said train of cars before she received the alleged injury, if the jury believe, from the evidence, she received any injury."

The objection taken to this modification is, that the fact that some agent or servant of appellant notified appellee that the train was ready, would not have justified her in rushing upon a train not ready for passengers. We concur with appellant in the view that if appellee saw a danger before her, she would not be justified in rushing upon it merely because appellant's agent or servant invited her to do so; but if appellant's servant or agent, as contemplated in this modification, told her that a train was ready for the reception of passengers, and she thereupon entered the train, she became a passenger. She was there by appellant's invitation, and was under its control by the consent of both. There is no pretence that she incurred any danger in getting on the train,—*i. e.*, in becoming a passenger. Her injury was received afterwards, and in passing from one car to another for more ample accommodations.

Many of the questions discussed in the printed arguments before us relate to the effect and weight of the evidence, and are consequently finally settled by the judgment of the Appellate Court.

We are unable to perceive any such substantial error in the record as would justify a reversal of the judgment below, and it will therefore be affirmed.

*Judgment affirmed.*