# THE PENNSYLVANIA COMPANY

*v.*

## PETER BACKES.

*Filed at Ottawa May 14, 1890.*

| 133 | 255 |
| 150 | 361 |

| 133 | 255 |
| 92a | 4634 |

| 133 | 255 |
| 190 | 6139 |

| 133 | 255 |
| 98a | 5262 |

| 133 | 255 |
| 100a | 11183 |
| 101a | 2324 |

| 133 | 255 |
| 113a | 6 3 |
| 114a | 9353 |

1. MASTER AND SERVANT—*whether the relation exists.* A person employed by a mill company to assist in moving railway cars on a scale platform, and in unloading grain therefrom into the sheds of the mill company, and who is injured while so engaged, by the negligence of a railway company, is not the servant of the latter company, and the rule protecting the master from liability for the ordinary risks of the service has no application.

2. SAME—*risks of the service.* If a servant, knowing the hazards of his employment as the business is conducted, is injured while engaged therein, he can not maintain an action against the master for the injury, merely on the ground that there was a safer mode in which the business might have been conducted, the adoption of which would have prevented the injury.

3. SAME—*care required of the master.* Yet while it is true that a servant undertaking to work for a corporation on its side-tracks, used also by a railway company, assumes all the risks of injury which exist while the business is carried on in the usual and ordinary way, yet the master, and those acting under him, owe the servant a duty not to injure him recklessly or through gross negligence. They should conduct their business with reasonable care in respect to the safety of their servant.

4. NEGLIGENCE—*duty of railway company using a private track.* A railway company in the use of a private track from its road to a mill, by pushing cars of grain to the mill to be there unloaded by the servants of the mill owners, owes such servants, while moving the cars on such track and unloading the same, the duty to exercise ordinary care to prevent injury to them.

5. GENERAL VERDICT—*evidence sustaining one of several counts.* Where there is a general verdict under a declaration containing several counts, it will be sufficient if the evidence sustains any one of the counts.

6. In an action to recover for injury resulting from the alleged negligence of the defendant, the declaration contained four counts, showing negligent acts. The court instructed the jury, that if they believed, from the evidence, that the plaintiff, without fault or negligence on his part, was injured by the wrongful acts of the defendant, as alleged by the plaintiff in his declaration, they should find the defendant guilty:

*Held,* that the instruction was good if a recovery was proper under any count, and that it was not misleading. If three of the counts in such case are not sustained by proof, the defendant may, by instruction, call the attention of the jury to the different allegations of the several counts.

7. It is sufficient if the law, as given at the instance of the plaintiff, is correct and applicable to the case under either one of several counts. If not erroneous as to any particular count, it will be proper.

8. INSTRUCTION—*construed—whether partial to one side of the case.* In an action against a railway company to recover damages as the result of negligence of defendant, the court instructed the jury, in substance, that if they found, from the evidence, that defendant, by its employes, propelled a freight car, or car loaded with coal, in and along a certain street, on, etc., by giving it a considerable rate of speed and then detaching or cutting it off from the locomotive, without any one on board thereof, and that defendant, by its employes, so propelled the car in a negligent and reckless manner, and if they found, from the evidence, that the moving and propelling of said coal car in the way and manner they found it was moved at the time and place and under the circumstances shown in the evidence, was an act of negligence on the part of the defendant, and further, that plaintiff was, while on said street, without negligence on his part, injured through and by means of the negligence of defendant in moving and propelling such coal car, etc., they should find defendant guilty: *Held,* that the instruction was not liable to the charge of being "one-sided," and contained nothing calculated to prejudice the jury.

9. SAME—*based upon the theory of the party asking an instruction.* An instruction may properly embody the theory of the party asking the same. It is not error for the court, at the request of a party, to state his theory upon which the case is tried, and then announce the law applicable to such theory.

10. APPEAL—*affirmance by Appellate Court—determining the facts— presumption.* The law requires the Appellate Court to pass upon questions of fact as well as questions of law, and in the absence of anything in the record showing otherwise, it will be presumed that the court has discharged its duty. So where the Appellate Court affirms the judgment of the trial court, it will be presumed, in the absence of anything appearing to the contrary, that the facts were all duly considered, passed upon, and found sufficient to support the judgment.

11. PRACTICE—*directing what the verdict shall be.* An instruction that the plaintiff is not entitled to recover should not be given, unless, admitting all that the evidence tends to prove, it is insufficient in law to sustain the action.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Mr. GEORGE WILLARD, for the appellant:

The plaintiff's first and third instructions allowed a recovery under any one of the four counts, three of which are believed to be inapplicable to the case made by the evidence.

The second instruction given for the plaintiff sums up all or a number of the facts which the evidence tends to prove, on one side, and omits all on the other side. This is error. *McIntyre* v. *Thompson,* 14 Bradw. 554; *Haines* v. *Inter-Ocean,* 20 id. 207; *Pennsylvania Co.* v. *Stoelke,* 104 Ill. 201; *Railroad Co.* v. *Warner,* 108 id. 538; *Crain* v. *Bank,* 114 id. 516.

The modification of appellee's seventh instruction was erroneous. *Stafford's case,* 114 Ill. 244; *Wilder's case,* 116 id. 100.

The refusal of appellee's eighth instruction, distinguishing between the situation of the plaintiff, as a laborer on the track, and a passenger on the highway, was error. *Rohback* v. *Railroad Co.* 43 Mo. 187.

The court erred in refusing appellee's ninth instruction, to find for the defendant.

Mr. MERRITT STARR, and Mr. JAMES B. MUIR, for the appellee:

The appellant was guilty of gross negligence in the manner of running the car through the street. *Railroad Co.* v. *Dignan,* 56 Ill. 487; *Railroad Co.* v. *Baches,* 55 id. 379; *Railroad Co.* v. *Garvy,* 58 id. 83; *Railroad Co.* v. *Hammer,* 72 id. 347; *Railroad Co.* v. *Taylor,* 69 id. 461; *Brown* v. *Railroad Co.* 32 N. Y. 597; *Ryan* v. *Railroad Co.* 37 Hun, 186; *Stillwell* v. *Railroad Co.* 34 N. Y. 29; *Kay* v. *Railroad Co.* 65 Pa. St. 274; *French* v. *Railroad Co.* 116 Mass. 537; *Ferguson* v. *Railroad Co.* 63 Wis. 145.

The statutory duty to give signal of approaching cars exists. in reference to all persons lawfully on the track or in the vi- cinity of the crossing. *Wakefield* v. *Railroad Co.* 37 Vt. 330 ; *Norton* v. *Railroad Co.* 113 Mass. 366 ; *Prescott* v. *Railroad Co.* id. 370.

A general verdict will stand if sustained by any good count. Practice act, sec. 57.

The recklessness of sending the coal car, unsignaled, down the side-track, against a loaded car standing by itself upon the side-track, which had no purpose except to hold cars for unloading, and upon which men were then at work, was gross negligence. Cases of this character constitute a well-defined class by themselves. *Rolling Mill Co.* v. *Johnson,* 114 Ill. 57 ; *Railroad Co.* v. *Goebel,* 119 id. 515 ; *Railroad Co.* v. *Hoffman,* 67 id. 287 ; *Noble* v. *Cunningham,* 74 id. 51 ; *Newson* v. *Rail- road Co.* 29 N. Y. 383 ; *Haley* v. *Railroad Co.* 7 Hun, 84 ; *Stin- son* v. *Railroad Co.* 32 N. Y. 333 ; *Boston* v. *Railroad Co.* 1 id. 297 ; 56 id. 660 ; *Morris* v. *Railroad Co.* 45 Iowa, 29 ; Pierce on Railroads, 276.

The objection to the first instruction, that it refers to the declaration generally, has been specifically overruled. *Rail- road Co.* v. *Porter,* 92 Ill. 437 ; *Miller* v. *Balthasser,* 78 id. 302.

When a case presents two hypotheses, an instruction based upon one, only, which states the law correctly as to that, is not erroneous in not stating the law upon the other, when it does not assume to do so, especially when the other party procures other instructions expressing the law upon that hypothesis. *Railroad Co.* v. *Martin,* 111 Ill. 219.

It is not error for the court, at the request of the party, to state the theory upon which the case is tried, and then an- nounce the law applicable to such theory ; and it is the prov- ince of the jury to decide whether one theory or another is sustained by the evidence, under the law announced by the court. *Chamberlain* v. *Chamberlain,* 116 Ill. 480 ; *Railroad Co.*

v. *Snyder*, 117 id. 376; *Railroad Co.* v. *Ingraham*, 77 id. 309; *Frame* v. *Badger*, 79 id. 442.

A motion to withdraw all the evidence from the jury, or to direct a verdict for the defendant, admits as proved everything that the evidence tends to prove.

Mr. Justice Craig delivered the opinion of the Court:

The first error complained of is, that the Appellate Court failed to consider disputed questions of fact. The law requires the Appellate Court to pass upon questions of fact as well as questions of law, but this record fails to show that the Appellate Court disregarded its duty in this regard. The Appellate Court affirmed the judgment of the circuit court, and we must presume, in the absence of anything appearing to the contrary, that the facts were all duly considered, passed upon, and found sufficient to support the judgment.

The next error complained of is, that the plaintiff's first and third instructions allowed a recovery under any one of the four counts of the declaration, three of which are believed to be inapplicable to the case as made by the evidence. The first count of the declaration charged the defendant with running the car which resulted in the injury, at a high and unlawful rate of speed, and with negligently driving the same against the plaintiff. The second charged the defendant with a violation of a section of our statute which requires the blowing of a whistle or ringing of a bell at a distance of eighty rods from highway crossings. The third charged a violation of the city ordinance in failing to ring a bell or blow the whistle. The fourth charged that the coal car was running at a greater rate of speed than six miles an hour, contrary to the ordinances of the city.

The substance of the charge complained of is, that if the jury believe, from the evidence, that the plaintiff, without fault or negligence on his part, was injured by the wrongful acts of

the defendant company, as alleged by the plaintiff in his declaration, then they should find the defendant guilty. We shall not stop to inquire whether the second, third and fourth counts were sustained by the evidence introduced under them. Even if they were not, a recovery might be had under the first count. The instruction complained of could not mislead the jury.

In *Hannibal and St. Joe Railroad Co.* v. *Martin*, 111 Ill. 219, where an instruction directed the jury, that if the plaintiff was injured in manner and form as alleged in the declaration, or some count thereof, the jury should find the defendant guilty, it was there, as here, urged that the instruction was erroneous, because the court should not have submitted the question of plaintiff's right to recover under the third and fourth counts of the declaration, to the jury, because there was no evidence that the accident happened in the manner therein stated. The court held the instruction good, and said: "It was the privilege of appellant to call the attention of the jury to the different allegations of the several counts, if it chose to do so; but it is sufficient if the law, as laid down at the instance of appellee, is correct, and applicable to the case under either count."

It is not claimed that plaintiff could not recover under the first count of the declaration, if the jury found, from the evidence, the facts as stated in the charge. Nor is it claimed that the instruction is erroneous as to that count of the declaration, and under the ruling in the case cited, the instruction can not be held to be erroneous. See, also, *Pennsylvania Co.* v. *Frana*, 112 Ill. 403.

It is next claimed that plaintiff's second instruction is "one-sided" and misleading, and therefore erroneous. It is as follows:

"The court instructs you, that if you find, from the evidence, that the Pennsylvania Company, by its employes, propelled a freight car, or car loaded with coal, in and along West Water street, in Chicago, on or about December 17, 1887, by giving it a considerable rate of speed and momentum, and then de-

taching or cutting it off from the locomotive without any employe on board thereof, and that the Pennsylvania Company, by its employes, so propelled the car in a negligent and reckless manner, and if you, from the evidence, find that the moving and propelling of said coal car in the way and manner you find, from the evidence, it was moved and propelled at the time and place and under the circumstances shown in the evidence, was an act of negligence on the part of the defendant, the Pennsylvania Company, and further find, from the evidence, that the said plaintiff, Peter Backes, was, while in said West Water street, without fault or negligence on his part, injured through and by means of the negligence of the defendant in the moving or propelling of said coal car, (if you, from the evidence, and under the instructions from the court, find the defendant guilty of neglignce in moving or propelling said car,) then you should find the defendant guilty."

The instruction might, perhaps, have been drawn in fewer words or in better form, but it is not liable to the objection that it "sums up" all of the facts which the evidence tends to prove on the part of plaintiff, and omits the facts on the other side, as claimed. There is nothing in the instruction calculated to prejudice or mislead the jury, and from an inspection of the evidence we think it was warranted by the facts proven on the trial. The instruction embodied merely the theory upon which the plaintiff claimed a right of recovery, and, as held in *Chamberlain* v. *Chamberlain*, 116 Ill. 487, it is not error for the court, at the request of the party, to state to the jury the theory upon which a case is being tried, and then announce the law applicable to such theory. See, also, *Hannibal and St. Joe Railroad Co.* v. *Martin*, 111 Ill. 219, and *Chicago and Northwestern Ry. Co. et al.* v. *Snyder*, 117 id. 376.

The defendant asked the court to give the following instruction:

"7. The jury are instructed, that the plaintiff, in undertaking to work for the Star and Crescent Mills Company, and

therein to work on the side-track of said company, assumed himself all the risk of injury, whilst working in that capacity, which existed when the business was carried on in the usual and ordinary way."

The court modified this instruction by adding the words, "and with reasonable care." The modification is relied upon as error.

If a servant, knowing the hazards of his employment as the business is conducted, is injured while engaged therein, he can not maintain an action against the master for the injury, merely on the ground that there was a safer mode in which the business might have been conducted, the adoption of which would have prevented the injury. (*Simmons* v. *Chicago and Tomah Railroad Co.* 110 Ill. 347. See, also, *Stafford* v. *Chicago, Burlington and Quincy Railroad Co.* 114 id. 247, and *United States Rolling Stock Co.* v. *Wilder*, 116 id. 100.) The instruction, as prepared, was no doubt intended to be predicated on this principle of law existing between master and servant. But in this case the relation of master and servant did not exist between the plaintiff and the railroad company. The former was a stranger to the latter. He was not employed by the company, and had nothing to do with it or its employes. Appellee was a laborer in the employ of the Star and Crescent Flour Mills Company. His business was to assist in moving cars on the scale platform and shovel wheat from them into the shed of the mill company, and we are inclined to hold that the exemption of the master, growing out of the relation of master and servant, and the servant's contract to assume ordinary risks incident to the business, does not apply.

But even if the relation of master and servant existed between appellee and appellant, the appellant was required, in switching its cars, to do so, not in a reckless manner, but with due regard to the safety of those who might be engaged in unloading cars on the switch or side-track. *Rolling Mill Co.* v. *Johnson*, 114 Ill. 59, is a case in point. There the plaintiff

was employed by the company as a laborer, to unload brick from cars, the tracks and cars being under the management and control of the mill company, and while engaged in unloading a car, a train of cars was backed down the track on which the car he was unloading was standing, and against the car, with such violence as to suddenly put it in motion, whereby the plaintiff was thrown down and his leg broken. The mill company undertook to prove, by the engineer in charge of the train, that the train causing the injury was managed in the usual and ordinary way; but the court ruled that the evidence was incompetent, and this court, in passing upon the question, and others of a similar character, said: "In our opinion, it was wholly unimportant whose duty it was to inspect the couplings of the cars, brakes, etc., and how, on that occasion, the engineer managed his train. * * * No matter whose individual duty it was to inspect the company's brakes, etc., the obligation was upon appellant not to bring upon appellee and the other laborers, without previous timely notice, in the helpless condition they were, this danger, and to do so was, unquestionably, in fact, gross negligence, to which there was no contributive negligence on the part of appellee." The ruling in this case was approved in *Chicago and Northwestern Railroad Co.* v. *Goebel,* 119 Ill. 516. Under the rule as established in these cases the appellant was required to use reasonable care, as declared in the modification of the instruction, to avoid injury.

It is also claimed that the court erred in refusing appellant's eighth instruction, which, in substance, directed the jury that plaintiff was not in the situation of a passenger on a highway, but was that of a person working upon a private railroad track, assisting in the moving of railroad cars thereon. But little need be said in regard to this instruction. If the railroad company was bound to exercise no care to avoid injuring the plaintiff, in the movement of its trains, while he was engaged

at labor on its tracks, then the instruction might have been proper; but, as has been heretofore said, such is not the case.

Finally, it is claimed that the court erred in refusing to instruct the jury that the plaintiff was not entitled to recover. An instruction of this character should not be given, unless, admitting all that the evidence tends to prove, it is insufficient, in law, to sustain the action. (*Doane v. Lockwood,* 115 Ill. 490.) Such is not the case here. The evidence tended to establish a right of action, and it was properly submitted to the jury for their consideration.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*