(No. 41620.—

JAMEE H. BARRETT, Appellee, *vs.* EDWARD FRITZ, Appellant.

*Opinion filed May 28, 1969.*

DOWD, DOWD AND DOWD, of Chicago, (JOSEPH V. DOWD and PHILIP J. MCGUIRE, of counsel,) for appellant.

EDWARD J. BRADLEY, of Chicago, for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

Plaintiff, Jamee H. Barrett, sued for personal injuries sustained on a golf course when struck by a ball hit by defendant Edward Fritz. In that negligence action the circuit court of Cook County instructed the jury on assumption of risk, and entered judgment on the jury verdict in favor of defendant. The appellate court, on plaintiff's appeal, reversed and remanded the cause for a new trial (98 Ill. App. 2d 75), and we granted defendant leave to appeal.

The issues are whether the defense of assumption of risk is available in a negligence action where there is no employment or contractual relationship between the parties, and whether that question was properly preserved for appeal. There is no substantial dispute on the facts, which are amply set forth in the appellate court opinion, and will be detailed only insofar as necessary to the disposition of the issues.

On September 3, 1956, a clear day with a strong wind, plaintiff was playing golf at the Edgewater golf course in a foursome with her husband and another couple in a husband and wife tournament. That 18-hole course is very tight and relatively short, with narrow fairways. Plaintiff and her group finished the 17th hole, walked to the 18th tee, which is about 40 yards from the 17th green and 155 to 160 yards from the 17th tee. Before leaving the 17th green, plaintiff looked back and saw no one on that tee. As plaintiff was standing by the 18th tee ball washer, while another member of her foursome teed off, defendant and two others arrived on the 17th tee. Defendant and anyone driving off that 17th tee would have a clear view of plaintiff. Defendant saw the foursome on the 18th tee, and teed off using a number 4 wood on the 135-yard hole. Defendant testified he lost sight of the ball while it was rising, and saw it again as it entered the trees near the 18th tee, where plaintiff was

standing. Another member of defendant's threesome testi-
fied he saw the ball from the time defendant drove it, and
that it went high and veered left directly toward the area
where plaintiff was. At no time did defendant or anyone of
his group call "fore", or give any warning for golfers in the
area. Plaintiff was struck on the head by defendant's golf
ball, knocked unconscious, and suffered brain injury necessi-
tating major operations.

The trial court gave the jury the following controverted
peremptory instruction concerning the doctrine of assump-
tion of risk, which was a modified version of Illinois Pattern
Instructions 13.01 and 21.03:

"The Plaintiff has the burden of proving each of the
following propositions:

First, that the plaintiff before and at the time of the
occurrence was using ordinary care for her own safety;

Second, that the defendant acted, or failed to act in
one of the ways claimed by the plaintiff as stated to you
in these instructions and that in so acting, or failing to
act, the defendant was negligent;

Third, that the plaintiff was injured;

Fourth, that the negligence of the defendant was a
proximate cause of the injury to the plaintiff.

In this case defendant has asserted the affirmative de-
fense that the plaintiff assumed the risk of injury by
participating in the activities which exposed her to the
risk of the injury. To prove the defense, the defendant
has the burden of proving each of the following proposi-
tions:

First, that the plaintiff was to participate in the ac-
tivities which exposed her to the injuries complained of.

Second, that the dangers involved were the dangers
which ordinarily accompany the activities contemplated
in participating in the game of golf.

Third, that the plaintiff knew, or by the exercise of

ordinary care should have known, these dangers existed and realized the possibility of injury from playing the game of golf on the day in question.

Fourth, that some one or more of these dangers were the cause of plaintiff's alleged injuries.

If you find from your consideration of all the evidence that each of the propositions required of the plaintiff has been proved and that the defendant's affirmative defense has not been proved, then your verdict should be for the plaintiff. If, on the other hand, you find from your consideration of all the evidence that any one of the propositions the plaintiff is required to prove has not been proved, or that any one of the defendant's affirmative defenses has been proved, then your verdict should be for the defendant."

It is that instruction which is the gravamen of this case. Plaintiff's view, accepted by the appellate court, is that it should not have been given. Defendant urges reversal of the appellate court decision on the grounds that its restrictive application of the doctrine of assumption of risk, though in accord with past Illinois decisions, should be repudiated; and also that plaintiff's failure to preserve her objection to the instructions precluded its consideration by the appellate court.

We recognize that specific objections to the instructions must be presented in conference on instructions, on post-trial motion, and in the record. (*Greenlee* v. *Shedd Aquarium,* 31 Ill. App. 2d 402, 412.) Although the report of proceedings filed in the appellate court did not contain a transcript of the conference on instructions, it does contain by stipulation of counsel for both parties the following "Addition to Report of Proceedings":

"On page 359 of the Report of Proceedings it is stated that:

'At this point a conference was held in accordance with the Statute and jury instructions were settled.

(Whereupon a discussion was had in chambers—not reported).'

To this there should be and there is hereby added the additional statement that at this conference on Jury Instructions, counsel for the Plaintiff objected to the giving of any Jury Instructions concerning assumption of risk, and specifically the following instruction (Court's Instruction # 1, I.P.I. 13.01, 21.03, modified), on the grounds that the doctrine of assumption of risk does not apply to the facts of this case and was not available to the defendant as a defense, and that said instruction set forth as follows did not correctly state the law." (The instuction is set forth verbatim.)

The record also shows that on the post-trial motion plaintiff renewed the objection and indicated the number and set forth verbatim this instruction to which objection was made.

On the basis of the acts and procedures followed by plaintiff, her objections to the instructions were adequately presented and preserved. (*Taylor* v. *Hughes,* 17 Ill. App. 2d 138, 145; *Baker* v. *Thompson,* 337 Ill. App. 327, 331.) We find distinguishable *Greenlee* v. *Shedd Aquarium,* 31 Ill. App. 2d 402, 411, cited by defendant, since it did not appear from that record that the plaintiff had asserted the objections to the instruction urged on appeal at either an instruction conference or in the motion for a new trial, as did plaintiff Barrett here. Specific objections to a particular instruction were not injected for the first time on appeal, as in *Greenlee.* Consequently, we perceive no basis for precluding consideration of the legal merits of the peremptory instruction on assumption of risk in this case. We accept the recommendation of the appellate court (98 Ill. App. 2d at 80) that the restricted application of the doctrine of assumption of risk in negligence cases be reappraised in view of the time lapse since this court last considered the issue, and the conflicting decisions among the jurisdictions.

The Illinois case law and the Illinois Pattern Jury In-

structions (13.01, 13.02) confine the defense of assumption of risk to actions involving a contractual or employment relationship. (*O'Rourke* v. *Sproul,* 241 Ill. 576, 580; *Conrad* v. *Springfield Consolidated Railway Co.,* 240 Ill. 12; *Shoninger Co.* v. *Mann,* 219 Ill. 242, 246; *Pennsylvania Co.* v. *Backes,* 133 Ill. 255, 262; *Sweeney* v. *Matthews,* 94 Ill. App. 2d 6, 18-20; *Maytnier* v. *Rush,* 80 Ill. App. 2d 336.) We are mindful, however, that the defense was noted with approval by the appellate court in isolated negligence cases, including *Campion,* involving injury while playing on a golf course. (*Campion* v. *Chicago Landscape Co.,* 295 Ill. App. 225, 237; *Murphy* v. *White City Amusement Co.,* 242 Ill. App. 56, 59.) However, subsequent decisions recognize that *Campion* exerted little influence upon the law. (*Sweeney* v. *Matthews,* 94 Ill. App. 2d at 19; *Maytnier* v. *Rush,* 80 Ill. App. 2d at 348.) Its reference to the defense of assumption of risk was specifically labelled dictum in *Maytnier,* where the court stated: "This ruling, however, must be afforded little weight by this court as the pronouncement was obiter dictum, as the court there reversed a decision for the plaintiff for his failure to prove any negligence by defendant. Clearly the question of assumption of risk was not a determinative issue." It should also be recognized that *Campion* is distinguishable from the case before us since the suit there was not against another player on the golf course, but against the operator of the golf course, and a contractual relationship was actually involved. 295 Ill. App. 2d at 227.

. In determining whether to change the Illinois rule and extend the doctrine of assumption of risk to all negligence cases rather than continue its restriction to employment and contractual relationship cases, we have examined decisions of other jurisdictions. (138 A.L.R. 541, *et seq.*; 82 A.L.R. 2d 1183, *et seq.*; *Povanda* v. *Powers* (1934), 279 N.Y.S. 619; *Felgner* v. *Anderson,* 375 Mich. 23, 133 N.W.2d 136, 153, and cases cited; *Feigenbaum* v. *Brink,* 66 Wash. 2d

125, 401 P.2d 642, 645; *McGrath* v. *American Cyanamid Co.*, 41 N.J. 272, 196 A.2d 238.) We have also reviewed the comments of legal scholars. James, Assumption of Risk, 61 Yale L.J. 141, 169; Wade, Place of Assumption of Risk in Law of Negligence, 22 La. L. Rev. 5; Prosser, Torts (3d ed.) sec. 67, p. 456; 2 Harper & James, Torts, 1191 and 2 Supplement 119; Green, Assumed Risks as a Defense, 22 La. L. Rev. 77.

Most legal writers urge the abolition of the concept. Dean Wade observes at p. 5: "Text writers, and commentators generally criticize the wide application of the doctrine (assumption of risk) and not infrequently suggest that the doctrine is entirely tautological." Dean Wade recommends at p. 14: "The expression assumption of risk is a very confusing one. In application it conceals many policy issues, and it is constantly used to beg the real question. Accurate analysis in the law of negligence would probably be advanced if the term were eradicated and the cases divided under the topics of consent, lack of duty and contributory negligence. The true issues would be more clearly presented and the determinations, whether by judge or jury, could be more accurately and realistically rendered."

James, in both his texts (2 Harper & James, Torts, 1191, 1192 and 2 Supplement) and in a law review article (61 Yale L. J. 141, 169) asserts that the doctrine of assumption of risk is a defendant's doctrine, restricting liability, which is a heritage of the extreme individualism of the early industrial revolution. In his view the concept is purely duplicative of more widely understood concepts, such as scope of duty or contributory negligence; and he states in his text: "Except for express assumption of risk, therefore, the term and the concept should be abolished. It adds nothing to modern law except confusion. For the most part the policy of individualism it represents is outmoded in accident law; where it is not, that policy can find full scope and far better expression in other language."

Prosser, in his treatise on Torts, relied upon by defendant here, states at p. 456: "* * * but it is by no means a favored defense, and the whole tendency is to cut it down or even to abrogate it in some few types of cases * * *."

We find persuasive the more recent decisions of other States where the courts have not only rejected any expansion of the concept, but even overruled cases applying assumption of risk to negligence cases. In *Felgner* v. *Anderson,* (Mich. 1965), 133 N.W.2d 136, the court comprehensively reviewed the doctrine of assumption of risk, rejected Prosser's distinctions between contributory negligence and assumption of risk, which the court doubted could withstand analysis, and overruled contrary cases, stating at p. 153: "Assumption of risk should not again be used in this State as a substitute for, or as a supplement to, or as a corrolary of, contributory negligence. * * * The traditional concepts of contributory negligence are more than ample to present that affirmative defense to established negligence acts."

In *Feigenbaum* v. *Brink* (Wash. 1965), 401 P.2d 642, 645, the court observed: "Other jurisdictions treat the doctrine of assumption of risk as being included within the general concept of contributory negligence and recognize that, for all practical purposes the proper analysis is in terms of contributory negligence. [Citations.]"

It would serve no useful purpose to dissect each one of the cases tallied in defendant's brief, and isolate the strands of the interrelated concepts of negligence, contributory negligence and assumption of risk, and then adopt the numerically popular view. Evaluation of the intrinsic merits of the concept of assumption of risk indicates that no expansion of that concept in Illinois law is warranted. The action of the trial court in giving the instruction on assumption of risk here, where there was neither express consent nor an employment or contractual relationship, over plain-

tiff's persistent objection preserved in the record, constituted reversible error. The judgment of the appellate court, reversing and remanding the cause for a new trial, was therefore in accordance with law and is affirmed.

*Judgment affirmed.*