# THE B. SHONINGER COMPANY

*v.*

# EDWARD MANN.

*Opinion filed December 20, 1905—Rehearing denied Feb. 8, 1906.*

1. NEGLIGENCE—*when landlord is liable for injury to persons in building.* A landlord who rents different parts of his building to various tenants, reserving the elevators, halls, stairways and other approaches for the common use of his tenants, is under an implied duty to use reasonable care to keep them in reasonably safe condition, and is liable for injuries to persons lawfully in the building, resulting from a failure to perform that duty.

2. SAME—*when doctrine of assumed risk does not apply.* As between a landlord and a servant of one of his several tenants in a building the doctrine of assumed risk does not apply, since there is no contractual relation of master and servant between them.

3. SAME—*rule where the question of contributory negligence is left to jury.* In determining whether the question of plaintiff's contributory negligence was properly left to the jury the Supreme Court cannot weigh the evidence, but must concede as true all evidence which supports the view taken by the plaintiff and give him the benefit of all legitimate inferences which may be drawn therefrom in his favor.

4. LANDLORD AND TENANT—*when lease does not release landlord from liability to tenant's servant.* A lease giving the tenant a right to the common use of a freight elevator and providing that the landlord shall not be liable for breaks or failure of the elevator machinery, does not release the landlord from liability for injury to the tenant's servant who was not a party to the lease, resulting from the landlord's failure to use reasonable care to keep the hallways and elevator shaft in reasonably safe condition.

5. PLEADING—*party is not required to plead his evidence.* An averment that the plaintiff, as the result of his injury, was wounded, cut and bruised and "otherwise permanently injured and crippled," is broad enough to permit proof that the plaintiff was affected with diabetes as a result of his injury.

6. CONTINUANCE—*when continuance on ground of surprise is properly denied.* Continuance on the ground of surprise, alleged to result from the allowance of an amendment to the declaration made to permit proof that the plaintiff was suffering from diabetes as a result of his injury, is properly denied where the proof would have been competent under the original declaration without the amendment.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

ROSENTHAL, KURZ & HIRSCHL, for appellant.

DAVID K. TONE, ARNOLD HEAP, and P. J. KEENAN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the superior court of Cook county by Edward Mann, by his next friend, against the appellant, to recover damages by reason of an injury to his person sustained by him in consequence of his falling down an unguarded elevator shaft in a building in the city of Chicago which was under the control of the appellant. The declaration contained two counts. The general issue was pleaded, and upon a trial the jury returned a verdict in favor of the plaintiff for the sum of $10,000, upon which verdict the court, after overruling a motion for a new trial, rendered judgment, which judgment, upon appeal, was affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The defendant, at the close of all the evidence, moved the court to instruct the jury to return a verdict in its favor. This the court declined to do, and the action of the court in that regard is assigned as error.

The evidence introduced on behalf of the plaintiff fairly tended to prove that the appellant was in possession of a four-story building known as 267 and 269 Wabash avenue, in the city of Chicago, under a lease from the owner; that it sub-let the several floors of said building to different tenants for business purposes; that Thompson & Thomas be-

came the lessees of the second and fourth floors; that the building, which fronts east, had a freight elevator in its rear part, which was reached from an entry which opened upon a north and south alley which ran in the rear of the building; that defendant retained the control of the halls, entry and elevator in the building for the common use of its several tenants; that the plaintiff was sixteen years of age and had been in the employ of Thompson & Thomas, for two or three weeks prior to his injury, as an errand boy; that he had only been in the elevator two or three times prior to the accident; that at about 5:30 on the evening of December 10, 1901, in company with two other boys, he was directed by his employers to take to the rear entrance of the building certain packages, which were there to be delivered to the agents of several of the express companies doing business in said city. The boys placed the packages in the elevator and went with them to the first floor. The packages were there removed by them and placed in the entry which led to the alley. It was quite dark in that part of the building, and they had with them a lantern, which was carried by one of the boys other than the plaintiff. There was also a stationary lamp in the elevator. While the boys were sorting out the packages and delivering them to the agents of the express companies, the man in charge of the elevator, without closing the door of the shaft, took the same to an upper floor of the building. During the process of delivering the packages the plaintiff stepped near the elevator shaft and slipped and fell into the shaft, where he was severely and permanently injured by striking upon the floor of the basement. The man in charge of the elevator did not close the elevator door when the elevator left the first floor or give notice to those present that the elevator was about to ascend, and the plaintiff testified he did not know, before he slipped into the elevator shaft, that the elevator had been taken up to another floor or that the approach to the elevator shaft was unguarded.

It is first contended that the evidence does not show that the appellant was guilty of actionable negligence. The law is well settled in this State that a landlord who rents different parts of a building to various tenants and retains control of the stairways, passageways, hallways or other methods of approach to the several portions of the building for the common use of the tenants, has resting upon him an implied duty to use reasonable care to keep such places in a reasonably safe condition, and that he is liable for injuries which result to persons lawfully in the building from a failure to perform such duty. (*Payne* v. *Irvin,* 144 Ill. 482; *Burke* v. *Hulett,* 216 id. 545.) The plaintiff, therefore, being lawfully in the entry-way to the elevator, the defendant owed a duty to him to keep said elevator shaft in a reasonably safe condition. The evidence shows at the time the plaintiff was injured the entry-way to the elevator from the alley was poorly lighted; that the plaintiff had been in that part of the building but a few times and was not very familiar with the surroundings; that the elevator was taken by the man in charge thereof, who was the servant of the defendant, to an upper floor without notice to the plaintiff; that the opening to the shaft through the entry-way was left unguarded after the elevator was removed to the upper floor, and that the plaintiff, while engaged in handling the packages in the entry, slipped and fell into the open shaft. Had the entry-way been well lighted or the plaintiff notified the elevator was about to be taken to an upper floor, in all probability he would not have been injured. It is certain he would not have been injured had the door been closed when the elevator ascended. We think it clear, therefore, that the trial court could not say, as a matter of law, in view of the facts, the defendant was not guilty of negligence, but think the question of the defendant's negligence was properly left by the court to the jury.

It is next contended the plaintiff cannot recover because it is said he assumed the risk of being injured by falling into

said elevator shaft. The plaintiff was not the servant of the defendant but was in the employ of Thompson & Thomas. There was, therefore, no contractual relation existing between the plaintiff and the defendant, and as the doctrine of assumed risk rests upon and grows out of the contractual relation which exists between master and servant, (*Pennsylvania Co.* v. *Backes,* 133 Ill. 255; *Chicago and Eastern Illinois Railroad Co.* v. *Randolph,* 199 id. 126; *Chicago and Eastern Illinois Railroad Co.* v. *Heerey,* 203 id. 492;) the question of assumed risk is not involved in this case, and defendant cannot be relieved of liability on the ground plaintiff assumed the risk which caused his injury.

It is next urged that the plaintiff was guilty of contributory negligence and for that reason he cannot recover. Contributory negligence is usually a question of fact for the jury, and the court can only say, as a matter of law, a plaintiff has been guilty of such contributory negligence as should defeat a recovery when the facts are not in dispute and the legal conclusions to be drawn from the admitted facts are so clear that all reasonable men, from a consideration thereof, must reach the conclusion that the plaintiff was guilty of contributory negligence. Here the entry to the elevator was not well lighted. The plaintiff did not know the elevator had been taken to an upper floor and that the elevator shaft was left open and unguarded, and he did not walk, but slipped and fell, into the open elevator shaft. It is urged he ought to have known the elevator was not at the first floor; that the shaft was open and that the door would not work, and it is said he did not slip and fall, but walked into the open shaft. In passing upon a motion for a directed verdict the court cannot weigh the evidence, but it is bound to concede to be true all evidence which supports the view of the plaintiff and give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor. We think the question of contributory negligence was properly left to the jury.

After the trial had proceeded some time it developed that the plaintiff was affected with diabetes as a result of the injury. Objection was made to that proof on the ground the declaration was not broad enough to admit proof of that fact. The plaintiff took leave to amend his declaration, and inserted in each count thereof the words, "and thereby the plaintiff's liver, kidneys, nervous system and brain were permanently injured," whereupon defendant asked for a continuance on the ground of surprise, but the court declined to continue the case and the trial proceeded. Each count of the declaration, prior to the amendment, averred the plaintiff was "cut, bruised and wounded, and thereby lost the sight of one of his eyes and was otherwise permanently injured and crippled." It is not, in an action of this kind, necessary that the plaintiff plead his evidence. The declaration averred the permanency of plaintiff's injury, which was sufficient to admit evidence that as a result of the injury he was affected with diabetes. The declaration, therefore, without the amendment, was sufficient to admit the proof and its amendment afforded no ground for a continuance. *Lake Shore and Michigan Southern Railway Co.* v. *Ward,* 135 Ill. 511; *Baltimore and Ohio Southwestern Railway Co.* v. *Slanker,* 180 id. 357.

The lease from defendant to Thompson & Thomas provided that they should have the use of the freight elevator in company with the other tenants, and provided that if any break or failure should occur in the elevator machinery the defendant should not be held liable therefor, but should repair the same with all speed and no unnecessary delay. The plaintiff was not a party to the lease, and the duty of the defendant to him was not affected by that provision of the lease. *Springer* v. *Ford,* 189 Ill. 430.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*