GERTRUDE SMITH, Admx., Appellee, *vs.* THE CHICAGO, PEORIA AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed October 26, 1908—Rehearing denied Dec. 3, 1908.*

1. APPEALS AND ERRORS—*amount of damages for negligent act is a question of fact.* The amount of damages sustained by reason of a negligent act or omission is a question of fact for the jury, and is finally settled by the judgment of the Appellate Court.

2. RAILROADS—*mere happening of accident does not raise any presumption of incompetency.* The mere happening of a collision between railroad trains does not ordinarily raise any presumption of incompetency on the part of the servants whose negligence caused the injury, but it may be sufficient to demonstrate the unfitness of such persons, and, after such occurrence, to charge the company with a failure of duty in retaining them in its employ.

3. SAME—*when a company is not liable for negligence of conductor and engineer.* If a railroad company uses reasonable care in the selection of a conductor and engineer without any knowledge of their incompetency it is not liable for the death of another of its engineers in a collision which was the first manifestation of their incompetency, but it is liable if reasonable care was not used in the selection of both, or either, or if the incompetency of both, or either, was known to the company.

4. SAME—*what tends to show want of due care in employing a conductor.* Evidence that the conductor in charge of a work train, whose negligence caused a collision, had had no experience which fitted him for the position of conductor; that he had twice been refused the position by the defendant's superintendent because he was thought to be incompetent, and that between the time of such

refusals and his employment as conductor he had had no further experience to qualify him for the position, tends to show incompetency of the conductor, knowledge thereof by the company and lack of reasonable care in employing him.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

WILSON, WARREN & CHILD, for appellant.

ALBERT SALZENSTEIN, and T. J. CONDON, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Gertrude Smith, brought this suit in the circuit court of Sangamon county, as administratrix of the estate of her deceased husband, George Smith, against the appellant, the Chicago, Peoria and St. Louis Railway Company of Illinois, to recover the damages occasioned by the death of her husband, an engineer in the service of appellant, who was killed by a collision of his engine with a work train of appellant. The ground of liability alleged was a failure of the defendant to exercise reasonable care in the employment of the engineer and conductor in charge of the work train, who were alleged to be incompetent and through whose incompetency the collision and the death of plaintiff's intestate were caused. The plea was not guilty, and upon a trial of the issue the plaintiff obtained a verdict for $10,000. The court, after overruling a motion for a new trial, entered judgment on the verdict, and the Appellate Court for the Third District affirmed the judgment.

Counsel for appellant say: "The errors relied upon are, (1) there is no evidence of the incompetency of the conductor sufficient, in law, to sustain a judgment; (2) the amount of the judgment is excessive," and both of these propositions are elaborated in the argument.

We feel certain that the learned counsel who present and argue the second proposition, that the damages awarded by the jury are excessive, would be quite unwilling to have us attribute their course to ignorance of the law, and it is fair to assume that they do not expect any attention to be given to the point further than to be again admonished that it cannot be raised. The proposition that the amount of damages caused by a negligent act or omission is purely one of fact, finally settled by the judgment of the Appellate Court, is one about which there never could have been any doubt, and yet this court has been required to make that statement in a multitude of cases, running through more than one hundred volumes of the Reports. In 1883, in the case of *Wabash, St. Louis and Pacific Railway Co.* v. *Peyton*, 106 Ill. 534, the court said (p. 539) : "It is likewise insisted that the damages are excessive. Appellant refers to no text book or reported case which holds that the assessment of damages is a question of law. On the other hand, by every rule of law it must be considered a question of fact. It is averred as a fact in the declaration. It is traversed as a fact and never questioned by demurrer. On the trial damages are proved by evidence, and they are found by the jury and not by the court. The proposition seems so obvious that it should not require the decision of a court to establish the proposition." If attorneys have not yet learned of this obvious proposition by its wearisome repetition in so many cases, it would seem to be of no use to state any principle of law in the decisions of the court.

The other alleged error questions the ruling of the trial court in refusing to direct a verdict of not guilty on motion of the defendant, and it is insisted that the evidence tending to support the cause of action alleged in the declaration, together with all reasonable inferences which the jury might draw therefrom, was insufficient, as a matter of law, to sustain the verdict.

· The accident happened in this way: On October 4, 1905, John Cuthbertson was in charge of a work train of the defendant as conductor, and the train was being used to transport ballast from a quarry two miles north of the railroad yards of defendant at Alton to a point five miles south of Alton. The engineer was William Scherrer. On that day they started from the railroad yards at Alton north, with the engine running backwards and the tender in front, and drawing three cars. There was at the time a heavy fog, so that an object could not be seen more than about twenty feet beyond the tender. The rules required that at such times two white lights should be displayed, the same as at night, and this was not done. It was also the duty of both the conductor and engineer, before starting upon a trip, to inspect the train register and ascertain whether a south-bound train, No. 53, had passed. The engineer, Scherrer, although he knew the rule, made no examination. The conductor, Cuthbertson, examined the register and informed the engineer that train No. 53 had passed, notwithstanding the register plainly showed that it had not. On the way to the quarry there was a collision with train No. 53, upon which George Smith was engineer, and his death was caused thereby.

That the death of Smith was caused by the negligence of the engineer and conductor was proved, but the defendant would not be liable, under the declaration, for an injury caused by their negligence unless it resulted from their incompetency, combined with the failure of the defendant to use reasonable care in their selection. It was necessary for the plaintiff not only to prove incompetency of the engineer or conductor, or both, but also negligence of the defendant in employing them, or one of them. The mere happening of an accident would not ordinarily raise a presumption of incompetency, (*Mobile and Ohio Railroad Co.* v. *Godfrey,* 155 Ill. 78,) but the conduct of a person on a single occasion may be entirely sufficient to demonstrate his unfit-

ness, and, after such an occurrence, to charge the employer with a failure of duty in keeping him in the service. If the employer used reasonable care in the selection of the servant and had no knowledge of his incompetency, the employer would not be responsible for the consequences resulting on the single occasion when incompetency was manifested. The conduct of the engineer and conductor on this occasion fairly tended to show the unfitness and incompetency of both for the positions in which they had been placed, but the evidence did not show that the engineer had previously manifested any want of competency or that the defendant did not use reasonable care in his selection. The fact that the engineer disregarded and neglected his duty in failing to supply lights and examine the register at the time of the accident would only affect the liability of the defendant for afterward retaining him in its employ.

The conductor, Cuthbertson, was about thirty-six years of age and began work as a railroad employee in August, 1890, and thereafter worked as a brakeman on the Grand Trunk railroad for seven years. In October, 1897, he commenced work for the defendant as a switchman in the yards at Alton and worked in that capacity until some time in 1902. He then worked eleven months for another road as foreman of a switch engine, and then returned to the defendant and again worked for it as a switchman. In the absence of the yard foreman Cuthbertson sometimes took his place for a day or two and occasionally worked as engine foreman in the yard, but his work for about eight years before the accident was in the railroad yards. He testified that he had not had any experience at all as a freight conductor and not much as a work-train conductor, except doing a little work outside of the yards. All his experience had been in the switch yards, and the duties of a switchman are so different from those of a conductor on the road that experience in one position does not qualify a person to fill the other. The general rule is that a person,

before being permitted to run a train as conductor, must serve a term as a brakeman, and then submit to an examination as to his capacity and experience to qualify him to take charge of a train as a conductor. In September, 1904, Cuthbertson desired to be placed in charge of a work train, and at his request the defendant's local agent at Alton applied to Schaff, the superintendent, to secure the position, and received a letter from him containing this statement: "I do not think that Cuthbertson is a competent man to put on this work train." In January, 1905, the superintendent was asked why he did not give Cuthbertson charge of the construction train referred to, and he replied that "Cuthbertson was not competent to take hold of that work." In September, 1904, and January, 1905, the superintendent of defendant did not regard Cuthbertson as competent to take charge of a work train, and unless the superintendent afterwards satisfied himself of his competency he was guilty of negligence in employing him. Cuthbertson had no experience between the time that he was rejected as incompetent and June, 1905, which could qualify him to fill the position as conductor. There were a new set of rules in force July 1, 1905, and some time in June, shortly before they went into effect, the superintendent called several employees into the baggage room at Alton and questioned them upon the new book of rules. Cuthbertson testified that he was not examined as a conductor between September, 1904, and 1905, and that he could not swear whether the examination in the baggage room was a conductor's examination or not. The evidence favorable to the plaintiff fairly tended to prove that Cuthbertson was incompetent to fill the position of conductor, that the superintendent knew him to be incompetent and that reasonable care was not used in employing him. The trial court therefore did not err in refusing to direct a verdict of not guilty.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*