WALTER O'ROURKE, Appellee, *vs.* ELLIOTT W. SPROUL, Appellant.

*Opinion filed October 26, 1909.*

1. PLEADING—*after verdict all intendments are to be taken in favor of the pleading.* After verdict, on motion in arrest of judgment or on appeal, everything which by fair and reasonable intendment may be inferred from the general averments of the declaration will be presumed.

2. SAME—*when declaration in personal injury case is sufficient after verdict.* A declaration averring that the defendant was engaged, as a contractor, in doing certain work upon a building of which he was not the owner, and that the plaintiff, though not employed by the defendant, was employed to do certain other work upon the same building, raises the implication, which is sufficient after verdict, that the plaintiff was employed by some one having authority and that he was working in the building in pursuance of such employment.

3. NEGLIGENCE—*contractor owes duty to other persons working on same building.* One engaged in the construction of a building as a contractor owes to other persons, not his employees, at work upon the same building and using reasonable care for their own safety, the duty of using reasonable care to avoid injuring them.

4. SAME—*when question of assumed risk is not involved.* As between a contractor engaged in constructing a building and a person, not his employee, who is at work upon the same building, no such relation exists as will relieve the contractor from liability for an injury to such person occasioned by the contractor's negligence, and the question of assumed risk is not involved.

5. SAME—*person not bound to anticipate that another will be negligent.* One employed upon a building is not bound to anticipate that servants of another master doing other work upon the same building will perform their work in a negligent manner, and it is a question for the jury, under the evidence, whether he had any reason to anticipate danger to himself in the absence of negligence upon the part of the other servants.

6. INSTRUCTIONS—*instruction may assume what could not be controverted.* It is not error for an instruction in a personal injury case to assume that the plaintiff was rightfully working on a certain building and that the defendant owed a duty to exercise care not to injure him, where there could be no controversy, on the evidence, as to such matters.

7. APPEALS AND ERRORS—*when error in refusing to admit testimony is harmless.* Error in refusing to allow a witness to testify on a certain point is not prejudicial, where such testimony, had it been admitted, could not have affected the verdict.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

O'DONNELL, DILLON & TOOLEN, and REYNOLDS & PURKHISER, for appellant.

PRINGLE, NORTHUP & TERWILLIGER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment recovered by William O'Rourke in the superior court of Cook county against Elliott W. Sproul for personal injuries.

The appellant was the contractor for the mason work of a power house which the South Side Elevated Railroad Company was erecting in the city of Chicago. The appellee was a boiler maker in the employ of the Hamler Boiler Company, which was engaged in putting in a row of hoppers under the boiler room of the power house for the purpose of receiving the ashes from the furnaces. The power house consisted of an engine room and a boiler room on the main floor, with a basement under both rooms. The boiler room occupied the whole of the east part of the main floor and its floor was supported by I-beams. The west side of the floor was concreted to within a short distance of the row of hoppers, which extended north and south the length of the room, about fifteen or eighteen feet west of the east wall. The floor east of the row of hoppers was covered with rough two-inch planks laid close together. The hoppers were made of sheet iron, were about ten by

twelve feet in dimension at the top, were riveted to the
I-beams under the main floor and reached to the floor of
the basement. Appellee was working in one of these hop-
pers on the day of his injury. The top of the hopper was
partly covered by four or five two-inch planks extending
north and south, with spaces of twelve or fourteen inches
between them. Lying diagonally across these planks, rest-
ing partly on the east part of the floor and partly on the
two east planks and extending over the edge of the second
plank, was an eight-foot railroad tie. Employees of the
defendant were engaged in taking down a scaffold which
stood against the inside of the east wall of the boiler room.
It consisted of upright planks sixteen feet long, twelve
inches wide and two inches thick, to which were nailed
cross-pieces of the same kind of plank about eight or ten
feet long, one end of each cross-piece being inserted in the
wall. The last two uprights fell over west, away from the
wall, and knocked the railroad tie into the hopper. Appel-
lee was just leaving the hopper by an opening thirteen by
eighteen inches at the bottom, putting his feet out first,
when the tie fell on his hand, crushing it and causing a
serious and permanent injury.

It is first insisted that the declaration is insufficient to
sustain the judgment because no count thereof states a
cause of action against the appellant. The declaration con-
tained three counts, the first of which alleged that "the
defendant was engaged in the construction of, and was as-
sisting, as a contractor and otherwise, in the construction
of, a certain building, to-wit, a power house for the South
Side Elevated Railroad Company, and was employing cer-
tain servants then and there in said work, and had charge
of and was using in said work, on the interior of the said
building, certain servants then and there in said work, and
had charge of and was using in said work, on the interior
of said building, certain scaffolding made of planks and
boards, and the plaintiff was then and there employed (but

not by the defendant) in and about a certain ash hopper therein, which fact was then and there well known to the defendant and his said servants, or might have been known to them by the exercise of ordinary care on their part; that it became and was the duty of the defendant, by his servants in that behalf, then and there to use ordinary and reasonable care in and about the work of the defendant, so as not to injure the plaintiff and so as to not expose him to unreasonable danger, yet the defendant, not regarding his duty in that behalf, by his said servants, then and there negligently knocked, pushed and pulled down a part of said scaffold and the planks and boards thereof, and suffered the same to fall with great force down to and upon a certain timber then and there, whereby said timber was then and there caused to fall with great force and violence upon and against the plaintiff, who was then and there and at all times herein mentioned in the exercise of due care for his own safety; in consequence thereof the plaintiff's right hand was then and there crushed and shattered by said timber, so that a part of said hand had to be and was amputated," etc. The second and third counts are substantially the same as the first, except that the negligence charged in the second is the failure to use any appliance in lowering the scaffold, to check its sudden and forcible fall, and the third alleges a failure to warn appellee before causing the scaffold to fall.

It is said that the declaration contains no allegation of any relation from which the law implies any special duty from the appellant to the appellee, no allegation of facts from which the law will imply a general duty by the appellant to use reasonable care to avoid injuring the appellee, and no allegation of any act done or omitted which amounted to a failure to use such reasonable care. Contrary to the rule where a declaration is demurred to, in the consideration of this question all intendments are to be taken in favor of the pleading. After verdict, on motion

in arrest of judgment, or on appeal, everything which by fair and reasonable intendment may be inferred from the general averments of the declaration will be presumed. It is averred that the appellant was engaged, as a contractor, in doing certain work in a building of which he was not the owner. It also appears that appellee was at the same time employed to do certain other work in the same building. The sufficiency of the allegation was not questioned by demurrer, and from it the implication arises, which is sufficient after verdict, that the employment of appellee at the time and place was by some one having authority so to employ him and that he was there in pursuance of such employment. One engaged in the construction of a building owes to another engaged in the same work and exercising due care for his own safety the duty of using reasonable care to avoid injuring him. (*Flanagan* v. *Wells Bros. Co.* 237 Ill. 82; *Langan.* v. *Enos Fire Escape Co.* 233 id. 308.) The declaration averred appellant's knowledge of appellee's presence, and if by his servants he did his work in such a manner as to throw the timber down upon the appellee, it was a question to be determined from the evidence whether he was guilty of negligence. We regard each of the counts as sufficient after a verdict for the plaintiff.

It is insisted that it was error to refuse a peremptory instruction to find for the defendant because the appellee was guilty of contributory negligence. The appellee was not bound to anticipate negligence on the part of those engaged in taking down the scaffold. It was a question for the jury whether appellee had any reason to anticipate danger to himself in the absence of negligence on the part of appellant's servants. The question of assumed risk is not involved. The appellee was not the servant of appellant. No relation existed between them which would relieve the appellant from liability for any injury occasioned by his negligence. *Shoninger Co.* v. *Mann,* 219 Ill. 242.

Appellant's objections to the seventh, eighth and ninth instructions given at appellee's request are based upon the hypothesis that the various counts of the declaration failed to state a cause of action and that the instructions ignored the defense of assumption of risk. What has already been said disposes of these objections adversely to appellant's contention.

The tenth instruction is objected to because it assumed that the appellee was rightfully working on the premises and that the appellant owed him the duty to exercise care and caution for his safety. There could be no controversy, on the evidence, as to appellee's right to be where he was or as to appellant's duty to him, and the assumption in regard thereto was therefore not erroneous. The objection that the instruction is not limited by reference to the declaration is mistaken. The words "said failure or omission," in the latter part of the instruction, are limited by the previous reference to the declaration. The same objections are made to the sixteenth instruction. It is immaterial whether the reference to the declaration in that instruction is as broad as claimed or not, for the reason that the only negligence mentioned in that instruction is that specifically charged in the declaration.

The twenty-second instruction is criticised, but we do not regard it as objectionable.

Complaint is made of the action of the court in regard to the testimony of Peter Hesprich, one of the two men engaged in taking down the scaffold. After testifying as to the manner in which the scaffold was taken down and that ropes were used in lowering all the uprights except the last two, which were shaken loose and thrown down without ropes, he was asked if there was any other way of taking down the last two uprights; if he knew how they were always taken down in that kind of a scaffold; whether ropes were ever used, and what would be the result of using ropes. The appellee's complaint was of neg-

ligence in taking down the scaffold, and he introduced the testimony of a witness as.to the customary method of doing such work. Several of appellant's witnesses testified on the same point. The appellant should have been permitted to examine the witness Hesprich also on this point, though some of the questions asked were open to objection. The error, however, we do not regard as prejudicial to the appellant, for the testimony of this witness, if received, could not have affected the verdict.

The judgment will be affirmed.        *Judgment affirmed.*