## The People of the State of Illinois, Defendant in Error, v. Daniel Weber, Plaintiff in Error.

### Gen. No. 14,814.

1. FALSE PRETENSES—*when information sufficient. Held*, that the amended information in this case was sufficient after verdict.

2. PLEADING—*what need not be averred.* Whatever is included in or is necessarily implied from an express allegation, need not be otherwise averred.

3. PLEADING—*when information sufficient after verdict.* If an information or indictment contain all the essential elements of a public offense, even though they are to some extent defectively stated, it will be held sufficient, and judgment will not be arrested.

Prosecution for obtaining money by false pretenses. Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed December 7, 1909.

EDWARD H. MORRIS, for plaintiff in error.

JOHN J. HEALY, for defendant in error; OSCAR D. OLSON, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

Daniel Weber, plaintiff in error, was charged by an information in the Municipal Court of Chicago with the offense of obtaining money by false pretenses in violation of section 96 of chapter 38 of the Revised Statutes of Illinois. He pleaded not guilty, and on the trial the jury returned a verdict of guilty.

The court thereupon imposed a fine of $100, and a term of nine months in the House of Correction.

The information avers ''that Daniel Weber, late of the said City of Chicago, heretofore, to-wit, on the 28th day of December, A. D. 1907, at the City of Chicago aforesaid, did then and there with intent to cheat and defraud one Fred Schaefer designedly by color of a false token or writing, towit, a check drawn on the Chicago Savings Bank & Trust Co., obtain from said Fred Schaefer one hundred and forty-five dollars, lawful money of the United States, the property of Fred Schaefer, by falsely pretending that he had on deposit with the Chicago Savings Bank & Trust Co. a sum of money not less than one hundred and forty-five dollars, when in fact he had on deposit in said bank only the sum of eighty-eight dollars and eighty-three cents, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois.''

The information was verified by the affidavit of Fred Schaefer.

No motion was made in the trial court to quash the amended information. A motion in arrest of judgment was made by plaintiff in error, and the court overruled it. Error is assigned on the overruling of the motion.

It is urged that the motion should have been sustained because the information charges no offense, and is not sufficient to support a judgment. The point specifically made is that the information does not show or set up any connection between the alleged false token—the check—and the false representation.

Taking the whole information together and giving it a reasonable construction, we think the plain intent is to charge that the check was drawn by Weber. It admits of no other theory or implication. Whatever is included in or is necessarily implied from an express allegation, need not be otherwise averred, is a

familiar principle of pleading. Maynard v. The People, 135 Ill. 416; Baysinger v. The People, 115 id. 419. The fact that Weber drew the check is included in, and necessarily implied from, the express allegations of the information. Possibly the information might not be good on a motion to quash. On that question we express no opinion. It is not before us. But on a motion in arrest of judgment, we think the information is sufficient, in this regard, to support a judgment.

It is contended that the information must allege that Weber well knew that he did not have $145 in the bank, and that the pretenses were false, and it is insufficient for that reason. In our opinion the information in alleging that the defendant "with intent to cheat and defraud one Fred Schaefer, designedly * * * and by falsely pretending that he had on deposit with the Chicago Savings Bank & Trust Company a sum of money not less than one hundred and forty-five dollars," means and charges that the defendant Weber well knew he did not have that amount on deposit in the bank, and that he represented what he knew was false. The averments are sufficient, we think, on a motion in arrest of judgment. If an indictment contains all the essential elements of a public offense, even though they are to some extent defectively stated, it will be held sufficient, and judgment will not be arrested. 2 Ency. of P. & P., 798. We cannot understand how the defendant Weber could have falsely pretended that he had the money on deposit unless he knew that he did not have the amount on deposit, for, if he supposed that he had the amount of the check on deposit, he could not have made the false pretenses averred. The averment of the intent to cheat and defraud, coupled with the averment of false pretenses, is therefore in substance an averment that the defendant knew the pretenses were false. In other words, the intent and the pretenses averred are of such a nature as to exclude the hypothesis of the

defendant's ignorance of their falsity. O'Rourke v. Sproul, 241 Ill. 576.

It is urged that the information is fatally defective in that it does not charge that by means of the false pretense, or that Schaefer relying upon the false pretense, parted with his money.

This contention is fully answered by the Supreme Court of Iowa in State v. McConkey, 49 Iowa 499, where it says: "It is claimed that the indictment is insufficient because it does not aver that Hurst believed or relied upon the representation alleged to have been made by the defendant. In charging the offense the indictment follows substantially the language of the statute defining the crime (see Code, par. 4,073). The indictment charges that by means of the false token and pretense the defendant obtained from Hurst the property described. This allegation embraces the idea that Hurst relied upon the representations made; for, if he had not done so, the defendant could not, by means of such representation, have induced him to part with his property. See State v. Penley, 27 Conn. 587."

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*