CONSTANTINE MUELLER, Defendant in Error, *vs.* ANNA
    M. PHELPS, Exrx., Plaintiff in Error.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

1. NEGLIGENCE—*duty of a landlord with reference to elevator used by his tenants.* A landlord who rents different parts of his building to various tenants, reserving the elevator, halls, stairways or other approaches for the common use of his tenants, is under an implied duty to keep such places in a reasonably safe condition and is liable to persons lawfully in the building for injuries resulting from a failure to perform such duty.

2. SAME—*rule as to sufficiency of a declaration after verdict.* After verdict everything will be presumed which by reasonable intendment may be inferred from the general averments of a declaration, the sufficiency of which was not questioned by demurrer.

3. SAME—*doctrine of assumed risk does not apply where there is no contractual relation.* Where an employee of a tenant in a building is injured as the result of the landlord's alleged failure to perform his duty to see that the elevator used by his tenants was reasonably safe the doctrine of assumed risk does not apply, as there is no contractual relation between the landlord and such employee.

4. SAME—*contributory negligence is ordinarily a question for the jury.* The question of contributory negligence is ordinarily one for the jury, and becomes one of law for the court only when the undisputed evidence is so conclusive that it is clear the injury resulted from the negligence of the party injured and could have been avoided by the use of reasonable care.

5. SAME—*what cannot be said to be contributory negligence as a matter of law.* That the plaintiff, desiring to use the elevator on business of his employer, raised the door of the elevator shaft and stuck his head in to see where the elevator was does not amount to contributory negligence as a matter of law, where the evidence shows that such course was the only one available to ascertain the position of the elevator, which had no regular operator but was operated by the tenants as they desired to use it.

6. INSTRUCTIONS—*when a modification of an instruction is not harmful.* Modifying an instruction for the defendant in a personal injury case by striking out a sentence designed to advise the jury that the doctrine of *res ipsa loquitur* does not apply is not harmful, where other of the defendant's given instructions clearly show that such doctrine could not be invoked.

. WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

F. J. CANTY, and J. C. M. CLOW, for plaintiff in error.

ADLER & LEDERER, for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Defendant in error brought an action on the case in the superior court of Cook county for personal injuries. On the trial the court directed a verdict in favor of Henry Jacobs, one of the defendants, and the case proceeded against Erskine M. Phelps, the other defendant, resulting in a verdict and judgment for $4500 in favor of defendant in error. The Appellate Court affirmed the judgment on appeal, and the case was brought to this court by petition for *certiorari*. Pending the appeal in the Appellate Court Phelps died and his executrix was substituted as a party to the suit.

The case was tried on the first and second counts of the declaration. The first alleged that Phelps, on August 17, 1906, was the owner of the premises 48 and 50 Wabash avenue, in Chicago; that Henry Jacobs conducted a restaurant on the main floor and employed defendant in error as a cook; that it was one of Mueller's duties to haul material to and from the basement to said restaurant by means of an elevator; that the defendants neglected to fulfill their duties in keeping the elevator shaft and appurtenances in good condition and repair, and that by reason of the defective condition, while plaintiff was in the exercise of due care, he was struck by the elevator, thrown to the ground and injured. The second count stated the same accident, and alleged the negligence of the defendants to be that they failed to keep the elevator in good condition and repair and

provide sufficient light and appliances in said elevator and shaft. The general issue was pleaded. It was stipulated that Phelps, at the time of the accident, owned the premises in question.

The evidence showed that the elevator was used for carrying freight between the five stories and basement of the building and was used in common by the tenants of the building. The private secretary of Phelps testified that it was a part of his duties to inspect the building at intervals, and on such occasions he would examine the elevator to see that it was in good running order. Defendant in error was employed as chief cook by Jacobs, a tenant, who ran a restaurant on the main floor. The elevator was about seven or eight feet square. The shaft where it passed through the kitchen was enclosed in solid walls, having an iron door five or six feet wide, which opened into it from the kitchen. Defendant in error testified that on the occasion in question he desired to use the elevator to go down to the basement to look over some kitchen supplies. He raised the door, put his head into the shaft and called, "Elevator there?" and almost immediately was struck on the head by the descending elevator, which was in use by one of the other tenants, knocked to the basement floor and his leg broken and other injuries inflicted, so that he was incapacitated for several months. There is some evidence tending to show that his limb was injured permanently. There were lights in the kitchen but none in the elevator shaft. Evidence on the part of defendant in error was to the effect that it was almost "pitch dark" on the inside of the shaft and he could see nothing. There was evidence in behalf of plaintiff in error to the effect that there was sufficient daylight in the shaft so that the elevator could be seen when still at a considerable distance above the floor without putting one's head entirely into the shaft. There was no regular operator and the employees of each tenant ran the elevator when they desired to use it. The evidence all tended to

show that to use the elevator it was necessary to raise the door and look into the shaft to find what floor it was at and to ascertain if it was already in use by another tenant. The elevator was operated by a rope, pulled up or down, as desired.

It is first contended that the declaration does not set out a cause of action against the plaintiff in error; that it does not state sufficient facts from which the law will presume a duty resting upon Phelps, the non-performance of which resulted in the injury complained of. The law is settled in this State that a landlord who rents different parts of his building to various tenants, reserving the elevators, halls, stairways or other approaches for the common use of his tenants, is under an implied duty to keep such spaces in a reasonably safe condition, and is liable for injuries to persons lawfully in the building, resulting from a failure to perform that duty. (*Shoninger Co.* v. *Mann*, 219 Ill. 242.) The declaration charged that the elevator and the shaft were permitted to remain in such a defective condition as to cause the accident; that they were dark and without sufficient appliances, and therefore dangerous. The sufficiency of the declaration is not raised here by demurrer. After verdict, everything which by reasonable intendment may be inferred from the general averments of the declaration will be presumed. (*O'Rourke* v. *Sproul*, 241 Ill. 576; *Diamond Glue Co.* v. *Wietzychowski*, 227 id. 338.) We think the declaration states sufficient facts so that after verdict the law will presume the duties resting upon plaintiff in error, the breach of which caused the injury.

It is further urged that there can be no recovery here, on account of the contributory negligence of the defendant in error. This question was properly raised by peremptory instructions. Counsel for plaintiff in error do not claim that the doctrine of assumed risk applies. The argument, however, urged in support of contributory negligence is, substantially, that defendant in error knew and appreciated

the danger of using the elevator. This is practically seeking to apply the doctrine of assumed risk under another name. The doctrine of assumed risk cannot apply here, as there was no contractual relation between defendant in error and plaintiff in error. (*Shoninger Co.* v. *Mann, supra;* *O'Rourke* v. *Sproul, supra.*) The question of contributory negligence is usually a question for the jury. It only becomes one of law for this court when the undisputed evidence is so conclusive that it is clearly seen that the accident resulted from the negligence of the party injured and could have been avoided by the use of reasonable precaution. (*Beidler* v. *Branshaw,* 200 Ill. 425.) Where reasonable men acting within the limits prescribed by law might reach different conclusions, or different inferences could reasonably be drawn from the admitted or established facts, the question of contributory negligence is for the jury. (*Illinois Central Railroad Co.* v. *Anderson,* 184 Ill. 294; 1 Thornton on Negligence, 100.) On the record in this case we think it was a question of fact to be submitted to the jury whether defendant in error was exercising ordinary care at the time of the accident. *Devine* v. *National Safe Deposit Co.* 240 Ill. 369; *Hamilton* v. *Taylor,* 80 N. E. Rep. (Mass.) 592.

It is further urged that the trial court committed error in permitting evidence to be introduced as to the manner in which certain witnesses used the elevator. The general manner in which it was necessary to use the elevator was admitted in evidence without objection or exception. What certain individuals did when running the elevator of course would not tend to prove whether or not defendant in error was using it with such negligence as to preclude recovery. Defendant in error's witness who was asked how he ran the elevator did not answer the question. The cross-examination of plaintiff in error's witness on this subject, whose testimony is objected to, was fairly based on the evidence brought out by counsel for plaintiff in error.

It is further insisted that the court committed error in modifying one of the instructions for plaintiff in error by striking out the words, "the mere fact that the plaintiff has been injured is to have no bearing whatsoever upon the question of whether or not the defendant Phelps is liable." The only legal purpose in having this part of the instruction given would be to tell the jury that the doctrine of *res ipsa loquitur* did not apply. Other instructions given for plaintiff in error clearly showed that this doctrine could not be invoked by defendant in error in this case. As the instructions must be read as a series, (*Springfield Consolidated Railway Co.* v. *Puntenney,* 200 Ill. 9,) the plaintiff in error could not have been injured by striking these words from the instruction.

We find no reversible error in the record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*