CHICAGO—FIRST DISTRICT—OCTOBER, 1916.    521

Weifenbach v. White City Const. Co., 201 Ill. App. 521.

Mabel Hendrickson Weifenbach, Appellee, v. White City Construction Company, Appellant.

Gen. No. 21,407.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. MCDONALD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed on remittitur. Opinion filed October 18, 1916.

### Statement of the Case.

Action by Mabel Hendrickson Weifenbach, plaintiff, against the White City Construction Company, defendant, for personal injuries. From a judgment for plaintiff, defendant appeals.

August 24, 1907, plaintiff, then a young woman, in company with a young man visited the "White City," an amusement park located in Chicago, for an evening's entertainment. In the park there was a contrivance known as the "Whizz," which consisted principally of a chute starting from a height of about twenty-two feet and descending in curves and bumps to the ground, where the patron landed on a hair mattress covered with heavy duck canvas. The mattress was inclosed by frames to which it was securely fastened. A person desiring to slide down the chute was admitted through a gate, upon the payment of a fee. Plaintiff, after watching for some time several persons coming down the chute and landing on the mattress, paid the admission fee, slid down the chute, and as she landed on the mattress her left ankle was severely sprained. The negligence charged in the second count was that the covering of the mattress was torn, ripped, loose, unfastened, and dangerous and unsuitable.

BRICKWOOD & BRICKWOOD and THORNTON & CHANCELLOR, for appellant.

EDWARD J. GREEN, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 187*—*when evidence sufficient to show that appliance in amusement park is defective.* In an action for injuries sustained by one sliding down an amusement device known as a "Whizz," consisting of an inclined chute at the bottom of which was a mattress designed to receive patrons, evidence *held* to justify a finding that the covering of the mattress was torn and that the plaintiff's foot was caught therein and her ankle sprained.

2. APPEAL AND ERROR, § 1699*—*when error in refusal to direct verdict for defendant waived.* Where, at the close of all the evidence introduced in an action for negligence, the defendant moved for a directed verdict of not guilty but did not renew a motion made at the close of the plaintiff's case to find the defendant not guilty on a particular count, *held* that the failure to renew the motion waived any error in refusing to grant it.

3. APPEAL AND ERROR, § 1520*—*when refusal of court to direct verdict on one count is harmless error.* Where there is evidence sufficient to sustain a verdict for the plaintiff on one count of a declaration, the refusal of the court to direct a verdict for the defendant on another count is harmless, even though erroneous.

4. EVIDENCE, § 171*—*when admissions against interest admissible.* In an action for personal injuries, admissions against interest of the plaintiff made after the accident are admissible.

5. APPEAL AND ERROR, § 1491*—*when exclusion of admissions of party harmless error.* Where, in a personal injury action, a witness for the defendant was permitted without objection to testify as to what the plaintiff said after the accident, and the record failed to show that the defendant offered to prove any further admissions by the plaintiff, *held* that the defendant could not complain of a prior ruling excluding testimony as to the plaintiff's admission.

6. NEGLIGENCE, § 205*—*when instruction not insufficient.* An instruction in a personal injury action to the effect that the plaintiff was not bound to prove her case beyond a reasonable doubt but only by a preponderance of the evidence, that if the evidence bearing upon the case preponderated in her favor, although but slightly, it would be sufficient for the jury to find in her favor, *held* not open

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Weifenbach v. White City Const. Co., 201 Ill. App. 521.

to the objection that the plaintiff's case was not defined, that the jury were left to determine what evidence bore upon it and that it left out altogether the defendant's case. .

7. NEGLIGENCE, § 214*—*when instruction referring jury to declaration not erroneous.* An instruction in a personal injury action which told the jury that if they believed from the evidence that the plaintiff had proven the allegation of certain counts of the declaration by a preponderance of the evidence, and that she had suffered and sustained injuries in the manner charged in such counts and that she was in the exercise of ordinary care and free from negligence, they should find the defendant guilty, *held* not open to the objection that the jury were left to determine what the allegations of such counts were.

8. NEGLIGENCE, § 88*—*when doctrine of assumed risk inapplicable.* The doctrine of assumed risk rests upon and grows out of the contractual relation which exists between master and servant, and is not involved in negligence cases where such relation does not exist.

9. NEW TRIAL, § 107*—*when verdict may not be impeached by affidavits of jurors.* An affidavit in a personal injury action tending to show that jurors, when deliberating in the jury room, had included in their verdict items for doctor's bills, attorney's fees, etc., *held* not receivable in support of the defendant's contention that the verdict was excessive.

10. DAMAGES, § 115*—*when verdict for personal injuries excessive.* A judgment for $5,625 entered in a personal injury action in favor of a woman who had sustained a sprain of one of her ankles, ordered reversed unless the plaintiff should remit to $3,000.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.