Bernard Liby, Appellee, v. The Town Club, a Corporation, and Irwin Shaffer, Defendants.
On Appeal of The Town Club, Appellant.

Gen. No. 46,421.

First District, Third Division.
April 20, 1955.
Released for publication May 12, 1955.

560

Crowe, Yates, Abrahamson & Fisk, of Chicago, for appellant; Burt A. Crowe, of Chicago, of counsel.

Rappaport, Clorfene & Rappaport, and Louis L. Silverman, all of Chicago, for appellee; Charles D. Snewind, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff brought this action against defendant Town Club and Irwin Shaffer for injuries occurring while plaintiff was using one of the handball courts owned and operated by defendant Town Club, who will be referred to for convenience as the Club, and allegedly due to the negligence of the defendants. A trial with

a jury resulted in a verdict of guilty, assessing the damages at $30,000 against the defendant Club, and not guilty as to defendant Shaffer. After the usual motions for new trial and judgment notwithstanding the verdict were overruled, judgment was entered upon the verdict, and the Club appeals.

The evidence established that the Club rented from the Sheraton Hotel three floors of the building occupied by the hotel in Chicago. The Club used the floors for operating handball courts, gymnasium and swimming pool. Plaintiff and defendant Shaffer were both members of the Club, paying monthly dues for the use of the facilities of the Club.

At the time of the accident plaintiff was engaged in a game of handball in one of the Club's courts. The room of the handball court in question was so constructed that the walls were smooth and free of any projections. The only entrance or exit to the room was a door approximately two inches thick, six feet high and three feet wide, which opened only inwardly to the room and fitted flush with the rear wall of the room, making a smooth surface.

Plaintiff frequently played handball in the room in question, registering each time at the office of the Club to engage in play. Time was allotted to the players, and when the time expired a bell would ring, which would be the signal for the players to yield the use of the room to other players. There was no window in the door referred to, and no one outside the room would be able to look in to observe the players, nor would the players within the room be able to observe anyone approaching from the outside. There was no buzzer or signal system which anyone on the outside of the room could make use of to notify players within the room that anyone was about to enter through the door, nor was there any sign or signal outside the room to indicate to anyone that the room was in use.

While plaintiff and the others playing with him were engaged in the game of handball on the occasion in question, the bell operated from the office rang, advising plaintiff and his players that their time was up. They ceased playing when a foursome scheduled to follow them came into the room. Plaintiff obtained the consent of the players seeking to enter, for a little more time to finish his game. Plaintiff with his players then continued in the game. While plaintiff was backing up speedily with his back toward the door to meet the play of the ball, the door was suddenly opened by defendant Shaffer without any warning to plaintiff or his players, and resulted in plaintiff crashing his head against the door, sustaining head injuries, which we shall discuss later.

The evidence further discloses that the game of handball is one of the fastest games of all sports and requires speed on the part of the player; that handball courts operated in the City of Chicago by the Lake Shore Athletic Club, Lawson Y. M. C. A., Central Y. M. C. A., Hyde Park Y. M. C. A., Covenant Club, Midwest Athletic Club, Olympia Club and others in that category, are regarded as standard courts under the standard regulations adopted by the national association regulating such sports; and that the door in the courts of each of these clubs named is equipped with a glass window to enable one on the outside of the room to observe the players and is designed for the safety of the players.

The principal errors assigned by defendant upon this appeal are that the evidence fails to establish negligence on the part of the defendant; that plaintiff assumed the risk in engaging in play in the room in question; that the act of Shaffer in opening the door was an independent intervening cause, over which defendant had no control, and was the sole proximate cause of the accident; that the damages are excessive;

and the refusal of the court to give defendant's instructions Nos. 6, 7 and 8.

We think, under the evidence before us, it was a question of fact for the jury to determine whether the defendant was negligent in the operation and maintenance of its handball court, which created a dangerous condition for players while engaged in play. The lack of a signal system, the lack of a glass window in the door in question, which opened only inwardly to the room instead of outwardly, and the fact that standard handball courts operated by other clubs generally maintained a glass window in the doors of their handball courts were all facts tending to prove the charge of negligence on the part of the defendant.

The test is whether defendant could reasonably foresee that an accident would likely result to players using the room in question because of the lack of the safety measures already referred to. Cases illustrating the test referred to are Merlo v. Public Service Co., 381 Ill. 300; Neering v. Illinois Cent. R. Co., 383 Ill. 366; Hansen v. Henrici's, Inc., 319 Ill. App. 458; and Ney v. Yellow Cab Co., 2 Ill.2d 74.

There is no merit in defendant's claim that plaintiff assumed the risk in using the privileges of the handball court and was aware of the absence of the glass window and signal system. The terms "contributory negligence" and "assumed risk" are loosely referred to in some of the cases. In Chicago & E. I. R. Co. v. Heerey, 203 Ill. 492, it was said:

"Contributory negligence and assumption of risk are entirely different things in law. Although the two questions may both arise under the facts of the case, yet they are wholly separate and distinct."

In Minters v. Mid-City Management Corp., 331 Ill. App. 64, this court said:

"The question of assumption of risk urged by counsel for defendant and argued by counsel for plaintiff, is

564

not involved. There is a distinction between contributory negligence and assumption of risk. As said by the United States Supreme Court in Seaboard Air Line Ry. v. Horton, 253 U. S. 492, 503–4: 'The distinction, although simple, is sometimes overlooked. Contributory negligence involves the notion of some fault or breach of duty on the part of the employe, and since it is ordinarily his duty to take some precaution for his own safety when engaged in a hazardous occupation, contributory negligence is sometimes defined as a failure to use such care for his safety as ordinarily prudent employes in similar circumstances would use. On the other hand, the assumption of risk, even though the risk be obvious, may be free from any suggestion of fault or negligence on the part of the employe. The risks may be present, notwithstanding the exercise of all reasonable care on his part.' " (Citing Shoninger Co. v. Mann, 219 Ill. 242–246; Pennsylvania Co. v. Backes, 133 Ill. 255; Chicago & E. I. R. Co. v. Heerey, 203 Ill. 492; Conrad v. Springfield Ry. Co., 240 Ill. 12–17; O'Rourke v. Sproul, 241 Ill. 576; Mueller v. Phelps, 252 Ill. 630; Chicago & E. I. R. Co. v. Randolph, 199 Ill. 126; and Weifenbach v. White City Const. Co., 201 Ill. App. 521 (Abst.).)

To the same effect are Mueller v. Phelps, 252 Ill. 630, and O'Rourke v. Sproul, 241 Ill. 576.

The cases cited by defendant upon this point are not applicable.

■ ■ While the act of Shaffer in opening the door at the time of the accident in question may be regarded as an intervening cause, it is not that independent intervening cause over which defendant had no control, and the sole proximate cause of the accident. On the contrary, while Shaffer could have been held guilty of negligence, we think his negligence combined with that of defendant was the proximate cause of the accident, and that the finding of the jury upon that question is not against the manifest weight of the evidence. Where

injuries are caused by the negligence of two persons, the negligence of each is a proximate cause. Gleason v. Cunningham, 316 Ill. App. 286; O'Brien v. Musfeldt, 345 Ill. App. 12; Chapman v. Baltimore & O. R. Co., 340 Ill. App. 475.

We do not regard the verdict as excessive. Plaintiff, at the time of the accident, was 44 years of age, a physical education instructor at Wendell Phillips High School in Chicago, earning $160 a week, and had no record of previous injury. He sustained in the accident a concussion of the brain, so found by the attending physicians and medical experts who examined him. His walk has been somewhat affected. The head injury produced a posterial change of the left leg, which indicated that the pathway affecting the left half of the body was injured; that the concussion produced a mild type of paralysis; and that the condition is permanent. He was confined to his home for a period of three months, and the total loss of wages and medical expense was approximately $2,500. We do not think that the size of the verdict demonstrates any prejudice or passion on the part of the jury. At least the record does not sustain a claim of prejudice. Mueth v. Jaska, 302 Ill. App. 289; Kaznowski v. City of La Salle, 316 Ill. App. 115; Moore v. Young, 317 Ill. App. 474; Lanyon v. Lanquist & Illsley Co., 157 Ill. App. 316. Damages are primarily a question for the jury. Smith v. Chicago, P. & St. L. Ry. Co., 236 Ill. 369. The purchasing power of the dollar is an element to be considered in determining damages. Howard v. Baltimore & Ohio Chicago Terminal Ry. Co., 327 Ill. App. 83; Milis v. Chicago Transit Authority, 1 Ill.App.2d 236.

Defendant's refused instruction No. 6 was a peremptory instruction for the defendant and dealt with the doctrine of assumed risk. In the light of what we have said concerning assumed risk as applied to this case, the court was correct in refusing the instruction.

Refused instruction No. 7 was a peremptory instruction. The instruction told the jury that if they believed the injury was "the result of an accident" and caused through no want of care or negligence on the part of defendant, the verdict should be not guilty. Such an instruction invites a jury to find that the occurrence was purely accidental and leads them away from a consideration of all the facts that tend to prove the negligence of the defendant, and that the occurrence was not a pure accident. The giving of such an instruction was held reversible error in Streeter v. Humrichouse, 357 Ill. 234; Cornwell v. Bloomington Business Men's Ass'n, 163 Ill. App. 461, and Peters v. Madigan, 262 Ill. App. 417. Instruction No. 8 was to the same effect, except that it told the jury if they found that the injury resulted from an accident, and that neither plaintiff nor defendant was the cause thereof, the verdict should be not guilty. What we said as to instruction No. 7 equally applies to No. 8. There is no basis in the record upon which to predicate either instruction.

The trial court was correct in denying defendant's motions for new trial and judgment notwithstanding the verdict. The judgment is affirmed.

Affirmed.

KILEY, P. J. and LEWE, J., concur.