GLADYS DEAN ALEXANDER, Plaintiff-Appellant, *v.* FLORENCE LEIHEN-SEDER, Defendant-Appellee.

Third District   No. 74-386

Opinion filed April 7, 1976.

Michael Heller, of Peoria, for appellant.

Westervelt, Johnson, Nicoll & Keller, of Peoria (Roger E. Holzgrafe, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff, Gladys Dean Alexander, filed suit in Peoria County against Florence Leihenseder to recover damages for personal injury and property damage based on defendant's negligence. The action resulted from a collision between plaintiff's southbound automobile and defendant's westbound automobile at the intersection of Allen Street and First Street in Peoria, Illinois. Plaintiff called the defendant to testify as an adverse witness and elicited from her that the presence of parked cars, trees, shrubs and a house at the intersection where the accident occurred blocked defendant's vision of southbound traffic approaching the intersection on Allen Street. At the trial the jury returned a verdict for defendant upon which the court entered judgment. Plaintiff's post-trial motion for judgment notwithstanding the verdict was denied and plaintiff appealed.

On the basis of defendant's testimony elicited by plaintiff, IPI No. 12.05, as plaintiff's instruction No. 22, was offered by plaintiff but refused

by the court and not given to the jury, which is the only issue presented for review. IPI No. 12.05 is entitled "Negligence—Intervention of Outside Agency" and provides as offered, "If you decide that [the] defendant was negligent and [her] negligence was a proximate cause of injury to the plaintiff, it is not a defense that something else may have also been a cause of the injury."

■■ Plaintiff contends on appeal that the testimony of the defendant called as an adverse witness established that an intervening agency and possible superseding cause were put in issue. We disagree. It is our view that the parked cars, trees, shrubs and house were not intervening agencies but were merely circumstances or conditions of which defendant was or should have been aware. They were a part of the factual setting in which the jury had to decide whether defendant's act of crashing into plaintiff's automobile with her own was negligent. The criteria is whether defendant acted within the acceptable standard of the reasonable man under the particular factual setting of the present case, including the possible visibility obstructions at the intersection. The jury could and did properly measure whether defendant's conduct was negligent under all the existing conditions without the tendered jury instruction on the intervention of an outside or other agency and its effect on the actor's negligence.

■■ While we generally agree that in a given case an intervening force or agency could become a superseding cause and relieve the original negligent actor of liability, the trial court here correctly refused plaintiff's tendered jury instruction because the evidence did not support a theory of an intervening agency. The American Law Institute's Restatement (Second) of Torts §441 (1965) defines intervening force as one which actively operates in producing harm to another. The preceding section of Restatement (Second) of Torts §440 (1965) defines a superseding cause which will relieve a negligent actor from liability as "* * * an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." From the comments to the Restatement (Second) of Torts (1965) it is apparent that if a force should have been known by the actor to exist before he has lost control of the situation, it is one of the existing circumstances in the light of which the negligence of the actor's subsequent conduct is to be determined and is not an intervening force. Such a factual situation is present in the case at bar. The evidence produced indicated that there was not a legally sufficient intervening force present, and therefore no necessity of instructing the jury on the consequences of the presence of a superseding cause on defendant's negligence. The primary purpose of jury instructions is to make the jury aware of the law that is applicable to the particular set of

facts before them. The factual setting presented by the evidence in the case is determinative of what law should be applied by the jury.

██ The case of *Drell v. American National Bank & Trust Co.*, 57 Ill. App. 2d 129, 207 N.E.2d 101 (1965), established that IPI No. 12.05 is applicable only when the concept of an intervening cause is present. An intervening and efficient cause was described by the Illinois Supreme Court in *Johnston v. City of East Moline*, 405 Ill. 460, 464, 91 N.E.2d 401, 403 (1950), as "* * * a new and independent force which breaks the causal connection between the original wrong and the injury and itself becomes the direct and immediate cause of the injury." The *Johnston* case further provided that the intervening force would not break the causal connection and itself become the proximate cause of the injury if the intervention of the force itself was foreseeable. We believe the obstruction or the possible obstructions to vision at the intersection here were foreseeable by defendant and therefore not an intervening agency which would require giving the jury instruction (IPI No. 12.05) tendered by plaintiff.

██ The cases relied upon by the appellant to support her position that failure to give IPI No. 12.05 was error are not controlling. (See *Romine v. City of Watseka*, 341 Ill. App. 370, 91 N.E.2d 76 (1950); *Manion v. Chicago, Rock Island & Pacific Ry. Co.*, 12 Ill. App. 2d 1, 138 N.E.2d 98 (1956), *Liby v. Town Club*, 5 Ill. App. 2d 559, 126 N.E.2d 153 (1956); *Dickeson v. Baltimore & Ohio Chicago Terminal R.R. Co.*, 42 Ill. 2d 103, 245 N.E.2d 762 (1969).) In those cases the courts' approval of the use of IPI No. 12.05 involved situations where the evidence produced established the existence of an actual intervening agency and not situations where the evidence established facts which form one of the several circumstances in light of which defendant's conduct is judged negligent or not. Those cases are, therefore, not applicable to the case at bar.

The court's refusal to give the plaintiff's instruction No. 22 (IPI No. 12.05) was not error. The judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.