### Constantine Mueller, Appellee, v. Anna W. Phelps, Executrix, Appellant.

### Gen. No. 15,495.

1. NEGLIGENCE—*duty of owner of building as to elevator.* The owner of a building containing an elevator which is used in common by his tenants, their employes and persons doing business with such tenants, is "to use reasonable care to keep it and its appurtenances in a reasonably safe condition."

2. CONTRIBUTORY NEGLIGENCE—*when person injured by elevator not guilty of, as a matter of law.* Held, that the action of the plaintiff in this case in placing his head in what proved to be the path of a descending elevator platform did not, as a matter of law, constitute negligence which barred his recovery.

3. PLEADING—*when declaration sufficient after verdict.* Held, that the declaration in this case was sufficient after verdict which charged that the defendant negligently permitted the elevator, ele-

vator shaft and appurtenances to be in such a dangerous condition as to cause the accident which resulted to an employe of one of several tenants of the defendant who used the building and elevator in common.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed February 16, 1911.

**Statement by the Court.** This is an appeal from a judgment of the Superior Court of Cook county for $4,500 rendered against the defendant Phelps in favor of the plaintiff Mueller for personal injuries alleged to be the result of the defendant's negligence. The suit was originally brought in July, 1907, against Erskine M. Phelps and one Henry Jacobs. On the trial in November, 1908, at the close of the plaintiff's testimony, the court directed a verdict in favor of the defendant Jacobs and denied a motion for a peremptory instruction in favor of the defendant Phelps. The case then proceeded against Phelps. At the close of all the evidence the motion for a peremptory instruction in Phelps' favor was renewed and again denied. The jury found a verdict for $4,500, on which the judgment appealed from was entered.

The declaration filed in the case contained four counts, but the plaintiff discontinued as to the third and fourth counts thereof. The first count alleged the defendant Phelps to have been on August 17, 1906, the owner of premises 48 and 50 Wabash avenue, Chicago, on the main floor of which the defendant Jacobs conducted a restaurant; that the defendants were possessed of and operating an elevator for carrying freight to and from the basement of said building; that the plaintiff Mueller was in the employ of said Jacobs as cook, and that it was one of his duties to haul material from the basement to the restaurant of said Jacobs by means of the elevator. It was therefore the duty of the defendants to maintain said elevator, ele-

vator shaft and appurtenances in such good condition and repair as to make it safe for said plaintiff to work there. Yet the defendant's negligently failed to keep said elevator, shaft and appurtenances in good condition and repair, and negligently permitted them to become and remain so defective and in such a bad condition that when the plaintiff attempted to use the elevator, and while he was, in the exercise of due care, attempting to bring it to the main floor, so as to be able to use the same, it struck him, threw him to the ground, whereby his leg was broken and he was otherwise injured.

The second count, stating the same accident, alleged the negligence of the defendants to be that they "failed to keep the elevator in good condition and repair and to provide sufficient light and appliances in said elevator and elevator shafts, and negligently permitted said elevator and elevator shafts to become and remain in such bad condition and without light and sufficient appliances and so dangerous" that the accident happened as before stated.

The defendants pleaded the general issue.

Erskine M. Phelps died pending this appeal, and the executrix of his last will and testament was substituted as appellant.

F. J. CANTY and J. C. M. CLOW, for appellant.

ADLER, LEDERER & SCHOENBRUN, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

In this appeal the assignment of errors covers the following matters, which are argued by the appellant:

First. That the plaintiff's declaration is insufficient to support a judgment.

Second. That there is no sufficient evidence to show that the defendant Phelps owed the plaintiff any duty or was guilty of any breach of duty to him.

Third. That the evidence showed contributory negligence on the part of the plaintiff so clearly that the trial judge should have held it to be proven as a matter of law, and directed a verdict for the defendant.

Fourth. That improper evidence was admitted in behalf of the plaintiff.

Fifth. That one instruction tendered by the defendant was improperly modified.

In so far as the argument of the defendant urges that neither the declaration nor the evidence in this case shows actionable negligence on the part of the defendant Phelps, the contention turns on the question: What duty did "the owner and possessor" of the building in which the elevator was situated and the accident occurred (which Phelps by stipulation was conceded to be) owe to the plaintiff, who was an employe of one of Phelps' tenants and was obliged to use the same in the discharge of his ordinary employment?

The elevator was a freight elevator in a building of five stories. It was used by all the tenants of the building in common. The plaintiff was an employe of a tenant of the main floor. An employe of Mr. Phelps in a confidential capacity—his private secretary—testified that it was a part of his duties to examine the elevator, to see that it was in good running order, and that at intervals he would visit the premises, looking them over, and that this took him up and down on the elevator.

The rule of law in this State on the liability of an owner of a building wherein is an elevator thus used and operated—in the absence of some special contract to the contrary at least—is that he is bound "to use reasonable care to keep it and its appurtenances in a reasonably safe condition, and that he is liable for injuries which result to persons lawfully in the building from a failure to perform such duty." Shoninger Co. v. Mann, 219 Ill. 242. See, also, Devine, Admr., v. The National Safe Deposit Co., 240 Ill. 369. The same doctrine has been often declared in other jurisdictions.

The declaration in the case at bar in the first count alleged that the defendant negligently permitted the elevator and elevator shaft and appurtenances to be in such a dangerous condition as to cause the accident, and in the second count made the charge of negligence more specific by alleging that the defendant permitted the elevator and shaft to remain without light and sufficient appliances and therefore dangerous. We think this was sufficient, if proven, to sustain a verdict and judgment. And we think it was a question for the jury whether the original construction of the elevator and elevator shaft and its appliances and lack of appliances, and their relation to the use of the elevator without a conductor, and the necessity in such use to raise and lower it from below its platform without any indication of where it might be, and the lack of more light in the shaft, charged the defendant with a lack of reasonable care to keep the elevator and shaft in a reasonably safe condition for the legitimate use which the plaintiff was making of it. The jury, by their verdict, said that they did, and we are not disposed to overrule their decision.

It is strongly contended, however, that whatever the duty or negligence of the defendant, there can be no doubt of the contributory negligence of the plaintiff, and that this must prevent his recovery. It is urged that the evidence so clearly showed the action of the plaintiff which caused him to incur the accident to be careless and negligent, that reasonable minds could come to no diverse conclusions concerning it. Thus the question of the contributory negligence of the plaintiff became one of law for the court, and the jury should have been instructed to find for the defendant.

This point is one most strenuously insisted on, and the evidence and the authorities bearing on it are carefully discussed in briefs and arguments of the respective counsel.

An examination of the law and the facts involved leaves us of the opinion that in this case it was a fair

question for the jury whether, notwithstanding the danger which inhered in the plaintiff's position and action at the elevator shaft in question and in his placing his head, as he did, in what proved to be the path of the descending elevator platform, he was not, considering the construction and method of operation of the elevator and the duties and necessities of his employment, exercising at that time the ordinary care that a person of ordinary prudence and intelligence might exercise under the same or similar circumstances; whether, indeed, it was not the only possible means of using the elevator to do as he did, and whether, if so, the danger was so apparent that a person of ordinary prudence would have nevertheless refused to incur the risk. It inhered in their verdict, under the full instructions given to them on this matter, that they found that the plaintiff did not fail in the ordinary care required of him, and we shall not disturb that finding.

There is nothing in the alleged admission of improper evidence or in the modification of the twenty-second instruction, discussed in the defendant's argument, which calls for comment from us. They involve no reversible error.

The judgment of the Superior Court is affirmed.

*Affirmed.*